## CLAPP v. CUNNINGHAM.

1. **Pleading:** CONFESSION AND AVOIDANCE. An allegation in an answer is to be taken as true·when the plaintiff, in reply, pleads in confession and avoidance.

2. ———: ———: BURDEN OF PROOF. Affirmative matter set up in a reply casts upon the plaintiff the burden of proof.

*Appeal from Davis District Court.*

TUESDAY, MARCH 18.

ACTION at law upon a promissory note. The cause was tried to the court without a jury, and a judgment rendered for defendant. · Plaintiff appeals.

*J. C. Coad*, for appellant.

*Traverse & Eichelberger*, for appellee.

BECK, CH. J.—I. The answer of defendant pleads two special defenses, namely: *First*, a former adjudication of the same cause of action in the County Court of Buffalo county, Nebraska, a court having full jurisdiction of the parties and subject matter, and judgment against the plaintiff was rendered in the cause, which was between the same parties that are in this suit; *second*, the note is without consideration, and was obtained by fraud, stating the facts upon which this defense is based, which need not here be presented.

To this the plaintiff replied, denying all allegations therein not admitted, and specifically denying the failure of consideration and fraud, pleaded by defendant, and presenting allegations of fact in regard to the transaction out of which the note grew, which need not be repeated here.

To the defense of former adjudication the following reply was made: "The plaintiff, for further reply, says it is true that the cause referred to in the defendant's answer was tried

in the Nebraska County Court, but says the cause was duly appealed to the District Court of Buffalo county, Nebraska, from the judgment rendered in said County Court, and after said cause was appealed to said District Court, and before said cause was tried, it was dismissed. The plaintiff says there was never any final adjudication of said cause, but that said cause was dismissed before there was any final adjudication thereof."

II. Upon the defense of fraud and want of consideration the court found for plaintiff, and upon the other defense of former adjudication for defendant. It was also found by the court that the allegation of an appeal and subsequent dismissal of the action was not supported by the evidence. Upon these findings judgment was rendered for the defendant.

The errors assigned raise but two questions. The first involves the correctness of the court's ruling in admitting in evidence the transcript of the record presenting the proceedings and judgment in the action, pleaded as a prior adjudication; the other, the sufficiency of the evidence to sustain the findings of the court and the judgment in this case.

III. It is insisted by plaintiff that the transcript of the record was not admissible in evidence, for the reason that it is 1. PLEADING: not attested and authenticated as required by law, confession and avoidance. and it fails to show upon its face that the suit in the Nebraska court was upon the same cause of action set out in plaintiff's petition.

We find it unnecessary to determine the question here raised for this reason: "The reply of plaintiff to defendant's answer explicitly admits the proceedings and judgment pleaded as a former adjudication, but sets up in avoidance of the defense the appeal from the judgment and subsequent dismissal of the action. The defendant sets up the judgment as a defense in his answer. The fact relied upon as a defense is admitted in the reply, but its effect is avoided by the allegation of the appeal and dismissal of the suit. The reply is in conformity to Code, § 2665.

Clapp v. Cunningham.

Now a party need not introduce evidence to support an allegation which is admitted in the pleadings of his adversary responding thereto. The allegation is taken as true when an issue thereon is thus waived. In the case before us the proceedings and judgment relied upon by defendant to support his defense were admitted. The allegations of defendant's answer so far should be taken as true. If the defendant introduced incompetent evidence upon the matters admitted by plaintiff this would not destroy the effect of the admission. It would stand. We may, therefore, concede for the purpose of this case, that the evidence objected to was incompetent; yet had it been excluded the court below could not have found differently, for the fact found upon the incompetent evidence is admitted in plaintiff's reply, and the finding would have accorded with the admission. The admission of the evidence, if erroneous, was without prejudice.

IV. The plaintiff was charged with the burden of sustaining the allegations of the matter pleaded in her reply, 2. ——: ——: in avoidance of the facts admitted in the reply, burden of proof. namely, the appeal from the judgment and the subsequent dismissal of the proceeding. Defendant was not required to prove a negative—that no such appeal and dismissal were had. The existence of the judgment is affirmed by defendant and admitted by plaintiff. The appeal and dismissal are pleaded by plaintiff in avoidance of the admitted fact. The plaintiff must support the affirmative allegation of her pleading. But this she utterly fails to do. Nothing whatever is found in the abstract before us showing the alleged appeal and dismissal of the action. The court below could not have found that the allegations of plaintiff's reply were sustained by proof.

The judgment of the court, we think, is supported by the admissions of the pleadings and by the evidence. It must be.

AFFIRMED.