## PARKER *vs.* LANIER.

1. In an action for a tort, where the defendant by his plea admits and justifies, and no further evidence is adduced by either party, damages may be assessed by the jury upon the admissions contained in the plea.
2. Such admissions are to be taken as unqualified by the connected matters alleged in justification.
3. Punitive as well as compensatory damages may be awarded.
4. Since the act of August 27th, 1879, (code, §2970,) no prosecution for the tort as a felony need be shown in order to recover for it as a civil injury.

November 22, 1888.

Torts. Pleadings. Justification. Damages. Admissions. Actions. Before Judge HINES. Scriven superior court. May term, 1888.

Reported in the decision.

OLIVER & HUMPHRIES and HOBBY & MATHEWS, by HARRISON & PEEPLES, for plaintiff in error.

DELL & WADE, *contra.*

BLECKLEY, Chief Justice.

Lanier brought an action against Parker for shooting and wounding him, laying damages at $5,000. Parker pleaded the general issue, and with it a plea of justification, confessing " that he did beat, bruise, wound and

ill treat the plaintiff, and shot and discharged a pistol loaded with gunpowder and leaden bullets, which said pistol so loaded he, defendant, held at and against plaintiff and thereby then and there shot, struck and wounded plaintiff, in manner and form as in said writ mentioned, and by reason of said wound, plaintiff then and there became lame, sick and bruised, and so remained and continued for a long time, from then until the commencement of said suit." Following this confession, the plea alleged matter in justification, which, if true in fact, was sufficient in law.

Neither party introduced any evidence, only the pleadings being before the jury. The jury found for the plaintiff $400, and the defendant moved for a new trial on several grounds. A new trial was denied. Four questions were argued before us in behalf of the defendant below, the plaintiff in error here.

1. Could the plaintiff below recover without submitting evidence—evidence of his damages, evidence of pain and suffering, etc., additional to the admissions contained in the defendant's plea? This question is answered by the case of *Rigden vs. Jordan & Stewart*, 81 *Ga.* 668, which holds that, under section 3051 of the code, a plea of justification supersedes the general issue, devolves the burden of proof upon the defendant, and if not sustained, entitles the plaintiff to recover general damages. It follows that such damages may be assessed by the jury upon the admissions of the plea alone, where no other evidence is before them. The law furnishes no measure of damages for pain and suffering but the enlightened conscience of impartial jurors. Of course, their estimate of the amount must be made upon the facts before them, but a plea which expressly admits the facts alleged in the declaration,

proves them as effectually as if they were vouched by witnesses.

2. The next question is, whether the admissions of the plea can be taken by the jury as against the defendant, save as they are qualified in his favor by the connected matters set forth as justification? To limit the admissions by these matters would be to cancel their effect altogether. The very thing the defendant undertakes to do by filing a plea of justification is to qualify his confession by proof as well as by pleading. He confesses certain facts and offers to neutralize them by proving other facts. Until he does prove them, the jury cannot recognize their existence for any purpose.

3. The third question is, could the jury, upon the facts admitted in the plea, award punitive damages, under section 3066 of the code, in addition to compensatory damages? An affirmative answer to this question results from what we have already said. Certainly, if the facts admitted by the plea were verified by a witness, and nothing appeared in mitigation, the jury would be warranted in treating so dangerous an assault as a tort attended with circumstances of aggravation, both in act and intention. If then the truth of the facts was established by the plea itself, and there was no need for calling a witness, why might not punitive damages be awarded upon the plea the same as upon sworn testimony? We think the jury were authorized to entertain and decide the question of punitive or exemplary damages on the facts and circumstances of the tort as they stood confessed in the plea.

4. The last question is, whether, in order for the plaintiff to recover, it was necessary to prove that the defendant had been prosecuted for the tortious act as a felony? The negative of this question is established by

*W. & A. Railroad vs. Meigs,* 74 *Ga.* 857, and *Powell vs. Railroad,* 77 *Ga.* 193.

The other points presented in the motion for a new trial were not argued, nor even noted in the brief of counsel.

Judgment affirmed.