## George D. Barnard & Co., a Corporation, v. Edmund H. Babbitt.

1. STATUTE OF FRAUDS—*A Contract Not Within.*—The following contract, viz.:

"ST. LOUIS, Nov. 26th, 1888.

E. H. BABBITT, Esq., Dear Sir: We propose to make you an offer of $1,650 for the first year and $1,800 for the second, we to have the privilege

of canceling the agreement at the end of the first year if· we are not satisfied with your work. Respectfully,

G. D. BARNARD & CO.
Accepted.   E. H. BABBITT.              GEO. D. BARNARD, Pt."

is not within the operation of the statute of frauds.

2. CONTRACT FOR SERVICES—*No Time Fixed.*—Where a person contracts to perform services, no time being fixed, the presumption is, he was to commence work at once or within a reasonable time after the expiration of the contract.

3. PLEADING—*Former Recovery in Bar—Burden of Proof.*—Where the defendant pleads a former recovery in bar, and the plaintiff in his replication seeks to avoid it by alleging that the recovery was a voluntary non-suit, concluding with a verification, the rejoinder concluding to the country, the burden of proving the matters in the replication is upon the plaintiff.

**Memorandum.**—Assumpsit upon a written contract. Appeal from the Circuit Court of St. Clair County; the Hon. ALONZO S. WILDERMAN, Ju'lge, presiding. Heard in this court at the February term, 1894. Reversed and remanded. Opinion filed June 23, 1894.

The opinion states the case.

CHARLES W. THOMAS, attorney for appellant.

TURNER & HOLDER and ORR, CHRISTIE & BRUCE, attorneys for appellee.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.
This was a suit brought by appellee against appellant to recover for services, under the following written contract :
                    "St. Louis, November 26, 1888.
E. H. BABBITT, Esq., Dear Sir :   We propose to make you an offer of $1,650, for the first year and $1,800 for the second, we to have the privilege of canceling the agreement at the end of the first year, if we are not satisfied with your work.                    Respectfully,
                    GEO. D. BARNARD & Co.
Accepted.   E. H. BABBITT.              GEO. D. BARNRD, Pt."

In addition to the general issue, plea of the statute of frauds was filed, and replication that contract was executed in writing and· signed by defendant; issue was joined; second plea of former recovery; replication that in the

trial of the said cause there was no judgment on the merits, because plaintiff before trial had, and before judgment rendered took a voluntary non-suit, concluding with a verification.

Rejoinder concluding to the country. An amended third plea was filed also, and replications and rejoinder, not necessary to set out, as there is no controversy in relation thereto. The admission of the contract in evidence and admitting the testimony of plaintiff in connection therewith was proper. When the contract is read by the light of the letter from defendant, received by plaintiff immediately preceding its execution, it seems to us quite clear that it was an agreement in writing, whereby plaintiff was employed to serve defendant in a certain department, at a salary of $1,650 for the first year and $1,800 for the second year, with the privilege to defendant to cancel agreement at the end of the first year if not satisfied with plaintiff's work. It was executed by plaintiff and defendant, and was not within the operation of the statute of frauds.

Furthermore, the objection that no time is fixed by the contract when plaintiff was to commence work is not tenable. No time being fixed, the presumption is he was to commence work at once, or within a reasonable time after the execution of the contract, and he did commence the next day thereafter, was not discharged at the end of the first year, and continued to work during a part of the second year, when he was discharged, as he says, without just cause. The judgment must be reversed, however, for a different reason. It is averred in the second special plea, that in a suit brought by plaintiff in a court of competent jurisdiction against defendant to recover upon the same contract, there was a former final adjudication of said cause of action against defendant, by the judgment of said court. This plea presented a full defense, but plaintiff, by his replication, not denying the averments of the plea, sought to avoid the defense by setting up new matter, viz., that said judgment was not upon the merits, and that before trial had, and before judgment in said cause, he took a voluntary non-

suit. This replication concluded with a verification, and thereby plaintiff took the affirmative and assumed the burden of proving the averments of his replication inasmuch as the rejoinder traversed these averments, and concluded to the country. Plaintiff offered no evidence in support of his replication, and by the pleadings the defense set up in said plea was admitted, and could be avoided only by proof of the facts set up in the replication.

The court erred, therefore, in refusing to hold as the law the third proposition as requested by defendant. It was as follows: "The court is requested to hold that upon the pleadings and facts proved the plaintiff can not recover." The finding and judgment for appellee was error, and the judgment is reversed and cause remanded.