OSCAR FELIX v. ALDACE F. WALKER AND JOHN J.
MCCOOK, *as Receivers of the St. Louis & San Fran-
cisco Railway Company.*

### No. 10893.

1. PRACTICE, DISTRICT COURT—*Reply Examined, and Held not
to be a Denial of the Instrument in Issue.*   A reply which does
not in terms deny the execution of a release set up in the answer,
but which characterizes it as a "pretended release," and avers
that "it was never executed for the purposes stated on its face,"
and that "plaintiff did not know that it had been signed as
claimed," and that "if plaintiff ever signed it, he signed it in ig-
norance of its contents," and that "it was never read or explained

to plaintiff," coupled with allegations of fraud upon the part of defendant in procuring plaintiff to execute the "alleged release," although verified by the plaintiff, does not put in issue the execution of the release, but will be construed to be an admission of its execution and a plea of matter in avoidance of it; and such reply will not relieve plaintiff from the necessity of proving his matter of avoidance in the making of his case in chief.

2. ———— *Case Distinguished.* *De Lissa v. Coal Co.*, 59 Kan. 319, 52 Pac. 886, distinguished.

Error from Sedgwick district court; D. M. DALE, judge. Opinion filed May 6, 1899. Affirmed.

*Thornton W. Sargent*, and *Adams & Adams*, for plaintiff in error.

*J. W. Gleed, John L. Hunt, Gleed, Ware & Gleed*, and *D. E. Palmer*, for defendants in error.

The opinion of the court was delivered by

DOSTER, C. J. : This was an action by Oscar Felix, the plaintiff in error, against the receivers of the St. Louis & San Francisco Railway Company for damages on account of the loss of services of his minor son, Effer Felix, caused by injuries negligently inflicted upon the minor by running upon and over him with a train of cars. Previous to the commencement of the action, Oscar Felix, as guardian and next-friend of his son Effer, made with the receivers an agreement of settlement and compromise in behalf of the minor for the injuries received by him, and also for himself in respect of his right of action for loss of his son's services, and for the medical care and attention he had been compelled to bestow upon him. By the terms of this agreement suit was to be instituted in behalf of the minor by the father and next-friend, and when instituted was to be compromised with the approval of the court. The suit was brought, a sum of damages agreed upon, ap-

proved by the court, paid, and receipted for. The material portion of the agreement of compromise is as follows:

"And in consideration of the foregoing agreement and the settlement of said suit when brought, said Oscar Felix agrees to waive and release all claims he may have against said receivers for loss of the services of said Effer Felix, and for extra medical care, assistance and attention rendered or to be rendered said Effer Felix on account of said injury."

Among other defenses to this action the receivers pleaded the making and carrying out of the agreement of settlement and the execution of the release. To this the plaintiff filed the following verified reply:

"*Second.* Plaintiff never executed the pretended release or discharge set forth in the answer of the defendants *for the purposes therein stated on its face.* Plaintiff *never knew that the alleged release or discharge had been executed until after this action had been commenced* and until after the defendants had filed their answer in this action. *Plaintiff did not even know that such release had been executed as claimed* until he was informed by his attorney. *If this plaintiff ever signed said release, he signed it* in ignorance of its contents or legal effect, and believing that it was simply a statement that he was the father of Effer Felix, and was willing to commence an action as the next-friend of Effer Felix; but this plaintiff did not know that said instrument was a release of the defendants from damages for the loss of the services of his son Effer Felix. *Said release or discharge was never read or explained to this plaintiff.* Plaintiff is illiterate and uneducated, and is unacquainted with legal terms and methods of doing legal or general business. The defendants well knew this, and at the time when the alleged release purports to be signed the defendants fraudulently persuaded and induced this plaintiff not to employ a lawyer, in order that the plaintiff might not be advised of his rights. The defendants represented that if he

employed a lawyer they would not pay his son anything, and that the lawyer would cheat his son out of all that he might recover by the lawsuit. At the time when said release purports to be executed, and at the time of the rendition of the judgment in the action of Effer Felix, a minor, by Oscar Felix, his next-friend, *vs.* A. Walker, John J. McCook, and J. C. Wilson, as receivers of the St. Louis & San Francisco Railway Company, plaintiff did not know that a father was entitled to damages for the loss of the services of his minor son, when such loss was caused by an injury carelessly and negligently inflicted by another, without fault on the part of the father or son ; nor did he know, until after the rendition of said judgment, that he had a cause of action against these defendants for the loss of services of his son, Effer Felix, by reason of the negligent acts of the defendants as complained of in the petition. At the time when said alleged release purports to be executed, plaintiff was suffering from brain fever and great pain and grief from the injury to his son, and was not in a mental condition to know what he was doing. The plaintiff's mental condition, as described, was aggravated by the serious injury which his head had received a few years before from being hit with rocks and clubs. Plaintiff never executed the *pretended* release set forth in the answer.''

At the conclusion of the testimony in behalf of plaintiff a demurrer to it was filed and sustained. From the order sustaining the demurrer error is prosecuted to this court. It cannot be maintained. Upon the trial no evidence whatever was introduced by the plaintiff to support the allegations of the reply above quoted, or to avoid the effect of the release which the defendants had pleaded in their answer. Rightly interpreted, the allegations of the reply constituted in several instances an admission of the execution of the release, and an attempt to avoid its effect by averments of fraud or mistake. The reply

was in reality a plea of confession and avoidance. The defendants' case was sufficiently made out for them by the admitted allegations of their answer; hence it was incumbent upon the plaintiff to supplement his case in chief with evidence in avoidance of the answer. (*Coal Co. v. Whittaker*, 40 Kan. 123, 19 Pac. 330.) By observing the italicized portions of the above-quoted reply it will be seen that the plaintiff at the most pleaded only hypothetically and in the subjunctive mode. Nowhere, except in the last sentence, is there anything approaching to a direct denial of the execution of the release, but the reply, taken as a whole, admits its execution and seeks to avoid its effect. Where there are inconsistent allegations in a pleading the party making them is bound by those most unfavorable to himself. (*Bierer v. Fretz*, 32 Kan. 330, 4 Pac. 284.)

The reply is identical in effect with the answer in *Dinsmore v. Stimbert*, 12 Neb. 433, 11 N. W. 872. There the court said:

"The answer of the defendant in the court below is altogether indefinite and uncertain. He first alleges that he never signed the note, and that the signature thereto is not genuine. He then alleges that if he did sign the note, or the signature thereto is genuine, then, that it was procured through the 'fraud and circumvention of either Laird or Dezendorf or both of them, in some way or manner unknown to the defendant, in the transaction and negotiation by the defendant had with the said Laird and Dezendorf in and about the appointment of the defendant as agent to sell a certain patent fence-post, without any fault or negligence on the part of the defendant.' . . .

" The answer in *Douglass v. Matting*, 29 Iowa, 498, cited by plaintiff in error, is substantially the same as this, and that was held by the supreme court of that state to substantially admit the execution of the note. And such must be true of the pleading under consid-

eration. The defendant in the court below must be held to know his own signature. If the signature to the note was not his, then it was simply a case of forgery, and all of his pleadings and testimony in regard to the representations of Laird and Dezendorf, his own inability to readily read English, etc., became immaterial. We think the court below erred in submitting the question, ' Did the defendant sign the note sued on?' for a special finding, and thereby placing prominently before the jury a question which, as we have seen, must be regarded as admitted by the answer."

The reply borrowed no strength from the verification attached to it. There was, as we have seen, no denial of the execution of the release, but, on the contrary, an admission of its execution ; hence, there was nothing in the reply to which the verification could be related.

There is nothing in the views herein expressed in conflict with *De Lissa v. Coal Co.*, 59 Kan. 319, 52 Pac. 886. The decision of that case was controlled by the general rules of pleading and in nowise by any particular statute, and accordingly it was held that a general denial of the execution of a written instrument as and for the writing of the defendant, it not purporting on its face to be the defendant's obligation, and the plaintiff only charging the defendant with liability upon it because of certain special circumstances, coupled with an averment of fraud in procuring the execution of the instrument by the person who signed it, were not inconsistent as defenses and did not amount to a plea of confession and avoidance. In that case the writing in question did not purport to be that of the defendant ; therefore the denial of its execution by the defendant did not require verification upon oath. In this case the execution of a written release of the cause of action by the plaintiff is alleged

in the answer. The execution of that release, though in form denied in the reply under oath, is in fact admitted in the reply. The case, therefore, is governed by section 108 of the civil code (Gen. Stat. 1897, ch. 95, § 108, Gen. Stat. 1889, ¶ 4191), which ordains that unless the execution of written instruments be denied under oath they shall be taken as true. The execution of the release being taken as true, or rather being in fact admitted as true, with all the inferences and intendments resulting therefrom, its effect could not be neutralized except by proof in the first instance of the special matter set up in avoidance of it.

In the case of *De Lissa v. Coal Co.*, supra, the allegations of the answer were epitomized as follows : "The note was not executed in my behalf, and I therefore deny liability, but if the person executing it undertook to bind me by its terms, I assert he was fraudulently induced to do so." The reply in this case may be summarized as follows : "I admit I executed the release set forth in the answer, but I assert I was fraudulently induced to sign it." Having thus admitted the execution of the instrument, the plaintiff was compelled by force of section 108 of the code to show reasons why he should not be bound by it, while in the former case the defendant was not bound in the first instance to give evidence in avoidance of the note, because he was not charged with having executed it. In the one case the plaintiff was bound to show that what did not purport to be the obligation of the defendant was such in reality, while in the other case the plaintiff was bound to show that what did purport to be his obligation was not in reality binding upon him.

The judgment of the court below is affirmed.