GEORGE MEEH v. THE MISSOURI PACIFIC RAILWAY COMPANY.

No. 11,539.    (60 Pac. 319.)

PLEADING AND PROOF—*Confession and Avoidance—Burden.* An allegation in an answer is to be taken as true when the plaintiff, in reply, pleads in confession and avoidance, and in such case the burden of proof rests on the plaintiff, in establishing his cause of action, to prove the matters so pleaded in the reply.

Error from Leaven'worth district court; LOUIS A. MYERS, judge. Opinion filed March 10, 1900. Affirmed.

*Fenlon & Fenlon*, and *B. F. Endres*, for plaintiff in error.

*Waggener, Horton & Orr*, for defendant in error.

The opinion of the court was delivered by

SMITH, J. : Plaintiff below brought an action against the railway company for personal injuries. At the trial a demurrer to his evidence was sustained by the court. In the answer of the railway company, it alleged that before the commencement of this suit the plaintiff below recovered a judgment for $5000 against defendant in the circuit court of the United States for the district of Kansas, upon the same cause of action and for the same wrongs and injuries complained of in the petition in this case, which judgment remained in full force and effect, and that his cause of action sued on had become merged in said judgment rendered in the federal court. The allegations of the answer were a sufficient bar to the prosecution of plaintiff's suit in the court below.

In reply to this answer the plaintiff below confessed

that a judgment was rendered in his favor in the circuit court of the United States, as alleged in the answer, but pleaded, in avoidance of the same, that on appeal from the judgment of said circuit court to the circuit court of appeals for the eighth judicial circuit the same was reversed and set aside on the ground that the circuit court had no jurisdiction of the action.

The plaintiff below offered no evidence in support of the allegations of his reply. Having admitted a former judgment for the same cause of action, it was incumbent upon him to prove those matters which were pleaded in his reply in avoidance of the legal effect of that judgment. Having failed to do so, no cause of action was made out against the railway company. (*Felix v. Railway Co.*, 60 Kan. 467, 57 Pac. 128; *Barnard & Co. v. Babbitt*, 54 Ill. App. 62; *Clapp v. Cunningham*, 50 Iowa, 307; *Coal Co. v. Whittaker*, 40 Kan. 123, 19 Pac. 330.) The existence of the prior judgment was affirmed by the railway company and admitted by the plaintiff, and the matters in avoidance set up in the reply should have been affirmatively established by the plaintiff below. The burden of proof was upon him.

The judgment of the court below will be affirmed.