## MORGAN *v.* LANGFORD.

1. In an action for damages based upon an assault and battery, where the petition prays for punitive damages, alleging that the defendant's assault was without cause and aggravated both in the act and the intention, and this allegation is supported by proof, a charge wherein the court stated to the jury that the plaintiff claimed that he was humiliated and asked damages therefor is not erroneous on the ground that such damages were not authorized by the pleadings or .the proof.

2. Where in such an action the defendant pleaded a set-off on account of damages alleged to have been sustained by reason of a trespass committed by the plaintiff, and there was· evidence introduced in support of the plea, to the effect that the plaintiff was in charge of certain railroad construction, in the course of which it was desired to remove certain branches and the top of a tree standing on the defendant's land near the dividing line between the railroad's land and the defendant's land, and that the defendant objected to the tree being so disfigured; whereupon the plaintiff gave instructions to have the limbs and top cut from the tree, stood by and saw the same being done, and refused to order the work stopped when so requested by the officer arresting him for the trespass,—a case was made out for the recovery of damages by the defendant, and it was erroneous for the court to instruct the jury not to consider the defendant's plea of set-off.

3. The assignments of error in the remaining grounds of the motion for new trial, which relate to objections to the admission of evidence and to exceptions to the charge of the court, are not erroneous for any reasons assigned.

4. It being necessary to reverse the judgment of the court below for the reason already stated, the general grounds of the motion for new trial will not be considered.

Submitted March 3,—Decided July 30, 1906.

Action for damages. Before Judge Reid. City court of Atlanta. February 4, 1905.

The plaintiff brought an action for damages on account of an assault and battery, claiming punitive damages by reason of aggravation of the alleged tort. The defendant admitted the battery, but claimed that it was justifiable, and made a counter-claim for damages on account of trespass to his property. On the trial it appeared that the plaintiff was a civil engineer employed by the Central of Georgia Railway Company to grade its right of way. At the place where such right of way passed defendant's land the railroad company had a bona fide claim to a strip of land extending 50 feet from the center of its track to the defendant's property line. The defendant owned a tree growing two feet within the boundary line of his land, the branches of which extended over the right of way claimed by the railroad company. In grading the right of way it became necessary to remove the telegraph line further from the track. Before removing the line, the agent of the telegraph company in charge of the work telephoned to the defendant, who was at that time away from his property, to get permission to cut the overhanging branches in order to make room for the wires. When the defendant refused to give this permission, the telegraph company suspended further work until it procured a written authorization from the plaintiff, as the agent of the railroad company, instructing the telegraph company to cut any limbs that projected on the railroad property within 48 feet from the center of the track. Acting under this authority, a servant of the telegraph company, under the direction of an employee of that company in charge of removing the line and in the immediate presence and at the instance of the plaintiff, cut the top as well as the projecting branches of the defendant's tree. When the defendant returned and found his tree in a disfigured condition, he became incensed and committed the assault of which the plaintiff complains. In charging the jury, the court instructed them to find against the defendant on his plea of set-off, and to find at least nominal damages in favor of the plaintiff.

'Their verdict was for $200 in the plaintiff's favor. The defendant moved for a new trial upon the ground that the court erred in directing a finding against the defendant on his plea of set-off; for numerous alleged errors, not necessary to state, touching the admission and rejection of evidence and the charge of the court; and upon the further ground that the plaintiff did not allege that he was humiliated or wounded as to his feelings, nor testify to that effect, the contention being that under such circumstances it was error for the court to charge that the plaintiff claimed compensation for humiliation, and thus leave the jury to consider this element in assessing damages. The motion was overruled, and the defendant excepted.

*James F. Golightly,* for plaintiff in error.

*Westmoreland Brothers* and *J. Caleb Clarke,* contra.

ATKINSON, J.    1. It is contended that inasmuch as the plaintiff did not allege in his petition, nor testify on the trial, that he was humiliated by reason of the assault, it was erroneous for the court, in its charge, to state to the jury that the plaintiff claimed damages by reason of humiliation. Section 3906 of the Civil Code reads: "In every tort there may be aggravating circumstances, either in the act or the intention, and in that event the jury may give additional damages." The third paragraph of the petition reads: "The petitioner alleges that the said assault and battery was without cause, and was aggravated both in the act and the intention; and for said assault and battery petitioner claims punitive damages." Thus it will be seen that the allegations of the petition followed the language of the code section. They are, therefore, sufficient to support a claim for damages therein provided for. The code section, continuing, states that these damages may be given, "either to deter the wrong-doer from repeating the trespass, or as compensation for the wounded feelings of the plaintiff." So far as the pleadings in this case are concerned, the jury were at liberty to award these damages for *either* of the two purposes. This being true, the defendant can not be heard to complain that a charge of the court which authorized the jury to give damages for *one* of those purposes was unwarranted by the pleadings. Nor can the charge be said to be unwarranted by the evidence in that the plaintiff failed to testify directly that he was humiliated or wounded as to his feelings. Whether or not he was so injured is a conclusion

of fact to be drawn by the jury, and the plaintiff can only put in evidence the facts on which he relies to show injury to feelings, leaving the jury to pass upon the sufficiency of the facts for that purpose. See, in this connection, *Berkner* v. *Dannenberg*, 116 *Ga.* 954, 961; *Ratteree* v. *Chapman*, 79 *Ga.* 574; *Parker* v. *Lanier*, 82 *Ga.* 216; *S., F. & W Ry. Co.* v. *Holland*, 82 *Ga.* 258, 271; *Macon Ry. & Light Co.* v. *Mason*, 123 *Ga.* 777; *Nashville Ry. Co.* v. *Miller*, 120 *Ga.* 453, 458.

2. In regard to the question of trespass to his land, raised by the defendant's plea of set-off, it is admitted that the tree that was cut was standing two feet within the boundary line of the defendant's land, and that the top was cut therefrom. This admission is sufficiently broad to justify the conclusion that the body of the tree for its entire length was on the defendant's side of the boundary line. It follows, therefore, that a trespass was committed on the defendant's property, irrespective of the cutting of the limbs of the tree overhanging the land claimed by the railroad company. It further appears that this trespass was committed in the immediate presence and at the instigation of the plaintiff. He assumed to have the right to have the tree cut, stood by and saw the cutting in progress, and refused to order any desistance when requested by the officer who arrested him. It was not a question of the woodman disobeying his order, and cutting at a place not intended. The act of cutting that particular tree in that particular manner was as wilful and designed as the plaintiff could make it. Under these circumstances, he would be responsible for the trespass, and the fact that he was an agent of another would not relieve him of the liability. It was erroneous for the court to instruct the jury to disregard the defendant's counter-claim.

3. The exceptions as to the rulings of the court relating to the rejection of evidence, and to other portions of the court's charge to the jury, are not well founded.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*