E. H. ELLIOTT, *Appellee,* v. O. B. HUDSON, *Appellant.*
No. 16,654.

SYLLABUS BY THE COURT.

1. QUIETING TITLE—*Answer—Admission of Plaintiff's Title.* In an action to quiet title, *held,* that the averments of the special answer so far modified the general denial as to admit without further proof that the plaintiff held the legal title at the time the action was commenced.

2. ———— *Petition — Sufficient Statement · of Defendant's Adverse Claim.* In an action to quiet title, independent of the statute, a petition which states that the defendant claimed an interest in the land by virtue of two tax deeds of a certain date, and that the deeds were wholly null and void and con- veyed no title to the grantee therein, states generally the nature of the defendant's adverse claim.

3. PETITION—*Testing Sufficiency by Demurrer to the Evidence.* Where a petition in general terms states a cause of action, and the defendant answers and goes to trial, he can not by de- murrer to the evidence question the sufficiency of the petition.

Appeal from Haskell district court. Opinion filed February 11, 1911. Affirmed.

*O. H. Foster, Edgar Foster,* and *H. O. Trinkle,* for the appellant.

*William Easton Hutchison,* and *C. E. Vance,* for the appellee.

The opinion of the court was delivered by

PORTER, J.: Elliott brought this action to quiet title to land in Haskell county, alleging that he was the owner and in the actual possession thereof, and that the defendant, Hudson, claimed an interest therein by reason of two certain tax deeds, dated September 4, 1905, and further alleged that the tax deeds were void and conveyed no title.

Hudson answered, first, by a general denial, and second, by alleging that he claimed the land by virtue of the tax deeds mentioned in the petition, that the

same were valid, and that the tax proceedings were regular. The answer further alleged that at the time Elliott purchased the outstanding adverse title he did so as the agent and in fraud of the defendant's rights, and that the defendant was entitled to have the court decree him to be the legal and equitable owner thereof.

On the trial the plaintiff introduced a witness to show that the land was in fact vacant and unoccupied when the action was commenced, and amended his petition accordingly, and rested. The defendant demurred to the evidence, which the court overruled, and the defendant, having elected to stand upon the demurrer, appeals.

The principal error complained of is that the court erred in holding that the plaintiff's title was admitted by the answer. We think the special defense set up in the answer admitted that the legal title to the land was in the plaintiff, and that the only reasonable inference to be drawn from the answer is that whatever title the plaintiff held had been acquired subsequent to the execution of the tax deeds, and therefore the court rightly held that the defendant had the burden. The averments of the special defense operated as a modification of the general denial, and are to be taken as true without other proof. (*Albert Wiley v. Keokuk,* 6 Kan. 94; *Barnum v. Kennedy,* 21 Kan. 181; *Felix v. Railway Co.,* 60 Kan. 467.)

The defendant argues in his brief that the petition as amended failed to set up a cause of action independent of the statute because it did not sufficiently allege the nature of plaintiff's claim. It alleged an adverse claim in the defendant, based upon tax deeds, that these were void and conveyed no title, and this was an averment of an adverse claim sufficent to justify the interference of a court of equity. (*Douglass v. Nuzum,* 16 Kan. 515.) That case is cited and relied upon by both parties, but we understand it to hold that in an action to quiet title, independent of the statute, equity will interfere and grant relief against a title

under a tax deed which though apparently valid can be shown to be void only by testimony *aliunde,* because under our statute such a deed would ripen by the lapse of time into a perfect title.  If the defendant claims that the statement that the tax deeds were void is too general his remedy was by motion to make more definite and certain.  The petition in general terms stated a cause of action and the defendant is in no position to question the sufficiency of the petition by a demurrer to the evidence.

In California, where the rule obtains that the complaint must state the facts showing the apparent validity of the instrument claimed to constitute the cloud, and also facts showing its invalidity, it was held that if the instrument is a tax deed, which the statute there makes *prima facie* evidence of title, the name of the instrument is sufficient to show an apparent validity, and where no demurrer had been interposed a judgment could not be reversed upon the ground that the complaint failed to state facts quite so fully as it should.  (*Hibernia S. & L. S. v. Ordway,* 38 Cal. 679.)

The judgment is affirmed.