[No. 2157, Sept. 19, 1918.]
# TRANSGARD v. ATCHISON, T. & S. F. RY. CO.

## SYLLABUS BY THE COURT.

An allegation in an answer is to be taken as true when the plaintiff in reply pleads in confession and avoidance, and in such case the burden of proof rests upon the plaintiff in establishing his cause of action, to prove the matters so pleaded in reply.

Appeal from District Court, San Miguel County; Leahy, Judge.

Action by Thomas Transgard against the Atchison, Topeka & Santa Fe Railway Company. Judgment for plaintiff, motion for new trial overruled, and defendant appeals. Reversed, with instructions to award appellant a new trial.

W. C. REID, C. M. BOTTS, G. S. DOWNER, all of Albuquerque, and W. H. HAYDON, of E. Las Vegas, for appellant.

Appellee was not entitled to recover under pleadings and evidence.

Sec. 4143, Code 1915; Dovey v. Lam, (Kentucky) 4 Ann Cas. 16; Sparks v. Sparks, 32 Pac. 892; Jones on Evidence, secs. 178 and 179; McCornick v. Sadler, (Utah) 40 Pac. 711; Church of Christ v. Beach, (Washington) 33 Pac. 1053; Bliley v. Wheeler, 38 Pac. 603.

CHAS. N. HIGGINS and S. B. DAVIS, JR., of E. Las Vegas, for appellee.

If plaintiff fails to introduce evidence explaining receipt, judgment should have gone against him.

Page v. Life Ins. Co., 42 S. E. 543.

Burden was on defendant.

Morstat v. A. T. & S. F. Ry. Co., 170 Pac. 886.

As to construction of admission, see:

Bompart's Adms. v. Lucas, 32 Mo. 123; Gildersleeve v. Landon, 73 N. Y. 609; Granit G. M. Co. v. Maginness, 50 Pac. 269; Town of Greenville v. Steamship Co., 10 S. E. 147; McCaskill v. Walker, 61 S. E. 46.

### OPINION OF THE COURT.

ROBERTS, J.  Appellee sued appellant for damages for personal injuries, which he alleged were sustained by reason of the negligence of the appellant. Appellant denied negligence, and among other defenses pleaded a settlement with appllee, and alleged that it had paid him $250 in full satisfaction of any and all claims and causes of action which appellee had by reason of his injury and that appellee in consideration of the sum so paid gave appellant a full and complete release of such claim and cause of action.  A copy of the release was attached to the answer as an exhibit.

Appellee filed a reply, and admitted the execution of the release and the receipt of the consideration therein mentioned, and by way of new matter in his reply alleged facts which, if true, it will be assumed were sufficient to avoid said release.  He admitted the execution of the release, but denied its effect.  Upon the trial appellee introduced evidence which was sufficient to show negligence upon the part of the appellant and damage to appellee resulting therefrom, but offered no evidence in support of the allegations of his reply, by way of new matter in avoidance of said admitted release.  Appellant offered no evidence, and requested the court to instruct the jury in effect, first, that if it should find no evidence that said release was executed under a mistake of fact, it should return a verdict in appellant's favor; and, second, that as a matter of law under the pleadings and evidence the appellee was not entitled to recovery.  Both requests were refused, and the court gave no instruction upon the effect of the release.  The jury found for appellee, and assessed his damages at $5,000.  Appellant filed a motion for a new trial, which

was overruled, and final judgment rendered, from which this appeal is taken.

Appellee in his reply having admitted the settlement with the railroad company, and the receipt of the sum of $250, and the execution of the release set up in appellant's answer, and pleading matter in avoidance, the burden of proof rested upon appellee, in establishing his cause of action, to prove the matter so pleaded in avoidance in the reply. There was no issue of fact upon the question as to whether appellee had executed the release. He admitted that he executed it and attempted to avoid its effect. The burden of showing matter in avoidance rested upon him, and in his case in chief it was his duty to have presented the facts in avoidance. The syllabus of the case of Meeh v. Mo. Pacific Railway Co., 61 Kan. 630, 60 Pac. 319, states the rule very tersely as follows:

"An allegation in an answer is to be taken as true when the plaintiff, in reply, pleads in confession and avoidance, and in such case the burden of proof rests on the plaintiff, in establishing his cause of action, to prove the matters so pleaded in reply."

This rule is sustained by the following cases, and no cases to the contrary have been called to our attention: Felix v. Railway Co., 60 Kan. 467, 57 Pac. 128; Coal Co. v. Whittaker, 40 Kan. 123, 19 Pac. 330; Parker v. Lanier, 82 Ga. 216, 8 S. E. 57; Clapp v. Cunningham, 50 Iowa, 307; Barnard & Co. v. Babbitt, 54 Ill. App. 62. The court should have given the instruction requested.

For the reason stated, the cause will be reversed, with instructions to the district court to award appellant a new trial; and it is so ordered.

HANNA, C. J., and PARKER, J., concur.