No. 23,010.

HATTIE GOOCH, *Appellee*, v. CHARLES GOOCH et al., *Appellants*.

### SYLLABUS BY THE COURT.

1. MISJOINDER OF PARTIES—*Should Not Be Raised by Objection to Introduction of Evidence.* A misjoinder of parties and of causes of action is not appropriately raised by an objection to the introduction of evidence after the issues have been joined and the parties have proceeded to a trial.

2. ALIENATION OF AFFECTIONS—*Joint and Several Liability Sufficiently Charged in Petition.* In an action for alienation of her husband's affections an allegation that the defendants, the children of her husband, had used every effort to prejudice her husband against her, to drive her from the home, or make it impossible for her to live in the home, and that the acts of the defendants and all of them were with the joint intent and result of alienating her husband's affection, is sufficient to charge a joint and several liability of the defendants for the alienation and entitles plaintiff to bring an action against one or all of the defendants whose wrongdoing concurred in causing the injury.

3. SAME—*Joint and Several Liability of Wrongdoers.* If separate and independent acts of wrongdoers combine to produce a single injury, each is responsible for the result although the wrong of one alone might not have produced the result.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed February 12, 1921. Affirmed.

*S. B. Amidon, S. A. Buckland, H. W. Hart,* and *Glenn Porter,* all of Wichita, for the appellants.

*J. Graham Campbell,* and *Ray Campbell,* both of Wichita, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Hattie Gooch brought this action against the defendants to recover damages for alienation of the affections of her husband, J. F. Gooch. An objection to the introduction of evidence under plaintiff's petition was sustained, but the court on motion of the plaintiff granted her a new trial and from that order defendants appeal.

The defendants are the children of J. F. Gooch, by a former

marriage, and in her petition plaintiff alleged that when she married their father and went to live at his home they used—

"Every effort and means to prejudice said Gooch against this plaintiff and to influence him to drive this plaintiff away from her said home and make it impossible for this plaintiff to remain at said home. That defendants and all of them accused this plaintiff to her said husband of having married him for his money; of being an immoral and improper person, of lying and taking advantage of her said husband by reason of his age, he being about seventy-one years old. That defendants, Charles, George and Myrtle Gooch, who resided in the home of this plaintiff and her husband, refused to treat this plaintiff with decency and respect and continually accused this plaintiff, sometimes in the presence of the plaintiff's husband, of improper conduct and of marrying her husband for his money, and told this plaintiff that she would have to leave her said home. That the other defendants herein on repeated occasions came to this plaintiff's home and would there tell their father that the plaintiff was an improper person and should be driven from home and was not fit to be the wife of their father. That such acts and conduct on the part of the defendants was with the joint intent and result of driving plaintiff from her said home and of causing her husband to drive her from her said home and alienating her said husband's affections."

It was further alleged that on account of their actions and influence her husband's affections were alienated, with the result that she was driven from home, and that this was followed by a divorce; that all resulted from the wanton and malicious accusations and interference of the defendants and all of them. The defendants jointly answered with a general denial and an allegation that the separation of plaintiff and her husband was the result of her own fault and further that her action was barred by the statute of limitations. After an opening statement to the jury in which counsel for plaintiff asserted that defendants were jointly and severally liable, they objected to the introduction of any evidence on the ground that there was a misjoinder of parties; that the wrongs complained of were not charged to have been the joint action of the defendants, and that five separate causes of action were improperly joined.

The court sustained the objection but allowed plaintiff to amend her petition by interlineation stating that the acts and conduct on the part of the defendants were with the joint and several intent and result of driving plaintiff from her home

and of alienating her husband's affections towards her. Objection was again made to the introduction of any evidence under the amended petition upon the ground that the action as pleaded was barred by the statute of limitations. This objection was likewise sustained, but the court on motion of plaintiff granted her a new trial, of which ruling defendants complain.

There were good reasons for awarding her a new trial. In the first place, the defendants should not have been permitted to raise the question of misjoinder upon an objection to the admission of evidence. (Civ. Code, § 95; *Hisle v. Railway Co.*, 91 Kan. 572, 576, 138 Pac. 610. See, also, *Howard v. Carter*, 71 Kan. 85, 80 Pac. 61). The exclusion of any evidence because a joint tort was not charged was manifestly erroneous. The import of the averments in the petition was that the defendants acted in concert and that all of them coöperated in the action that was taken. But in addition to that it was in effect alleged that the wrongful acts and conduct resulted in the alienation. All were charged with producing the single result and that theory if established makes them jointly and severally liable for the result. It has been decided that—

"Where two or more parties, by their concurrent wrongdoing, cause injury to a third person, they are jointly and severally liable, and the injured party may at his option institute an action and recover against one or all of those contributing to the injury." (*Kansas City v. Slangstrom*, 53 Kan. 431, syl. ¶ 2, 36 Pac. 706.)

(See, also, *Luengene v. Power Co.*, 86 Kan. 866, 122 Pac. 1032; *McDaniel v. City of Cherryvale*, 91 Kan. 40, 136 Pac. 899; *Pinson v. Young*, 100 Kan. 452, 164 Pac. 1102.)

It has been held that "to make tort feasors liable jointly there must be some sort of community in the wrongdoing and the injury must be in some way due to their joint work, but it is not necessary that they be acting together or in concert, if their concurring negligence occasions the injury." (*Strauhal v. Asiatic S. S. Co.*, 48 Ore. 100, 108; 38 Cyc. 489.) Here the petition charged that the wrongful acts of the defendants were done with the joint intent and result of separating the plaintiff from her husband and of alienating his affections.

So far as the amendment was concerned it may be said that it only emphasized the averments set out in the original peti-

tion and did not plead a new cause of action. It did not raise a question of the statute of limitations and afforded no ground for sustaining an objection to evidence offered after the amendment was made.

The order granting a new trial was properly made and is affirmed.