No. 27,680.

A. L. Barner, Trustee in Bankruptcy of the Estate of Sallie A. Lane, Bankrupt, *Appellee,* v. Sallie A. Lane and Coilla G. Dougherty, *Appellants.*

A. L. Barner, Trustee in Bankruptcy of the Estate of Irva C. Lane, Bankrupt, *Appellee,* v. Irva C. Lane and Coilla G. Dougherty, *Appellants.*

A. L. Barner, Trustee in Bankruptcy of the Estate of Alva J. Lane, Bankrupt, *Appellee,* v. Alva J. Lane and Coilla G. Dougherty, *Appellants.*

(267 Pac. 1003.)

Opinion filed June 9, 1928.

J. T. *Rogers, Jesse D. Wall,* both of Wichita, *J. S. Dey* and *D. N. Caldwell,* both of Wellington, for the appellants.

*W. T. McBride, John Potucek, E. J. Taggart* and *John Bradley,* all of Wellington, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: These actions were brought by A. L. Barner, trustee in bankruptcy of the bankrupt estate of Sallie A. Lane, to set aside deeds to lands in Sumner county executed by Sallie A. Lane, Irva C. Lane and Alva J. Lane, to another member of the family, Coilla G. Dougherty. The trial court found that the deeds involved were executed for the purpose of hindering, delaying and defrauding creditors, and were without fair and reasonable consideration. Accordingly decree was entered setting them aside. The defendants appeal.

Sallie A. Lane is the widow of W. L. Lane, who died in December, 1913. He left surviving him Sallie A. Lane, his widow, Coilla G. Dougherty, Bessie M. Van Curen, Otto L. Lane, Irva C. Lane and Alva J. Lane. He had acquired large tracts of land, and prior to his death had executed a will in which he gave a life interest in 400 acres of the land involved herein to his wife, Sallie A. Lane. Aside from the interest given to his widow in about 400 acres of the land, she was given a second life estate in portions of it upon which each of the sons and daughters were given a life estate, the remainder to go to the children of each son or daughter, and in the event of no children it was to descend to the remaining children in equal parts. Coilla G. Dougherty was given a life estate in a quarter section of the land devised, the remainder to her children to be equally divided, and in the event of no children it should be divided among the other sons and daughters of the family in equal parts.

In like manner Bessie Van Curen was given a tract of land during the term of her natural life, and upon her death to her children, and if no children it should descend to the heirs of W. L. Lane. A second life estate in a portion of the land bequeathed to Sallie A. Lane was given to Otto L. Lane and his children. Otto L. Lane was given in like manner a life estate in another tract of the land. Irva C. Lane was given a second life estate in property to which his mother had a first life estate, and which was to descend to his children, or in the event he had no children it descended to the other heirs of W. L. Lane. On May 9, 1923, Sallie A. Lane, Irva C.

Lane and Alva J. Lane each made deeds for the lands described in the respective tracts of land involved in these actions to Coilla G. Dougherty, the daughter of Sallie A. Lane and the sister of Irva C. and Alva J. Lane. Coilla G. Dougherty lived in Wichita, and the sons lived near Belle Plaine, fifteen miles from Wellington. The consideration expressed in the deed of Sallie A. Lane to her daughter is $200, and in each of the deeds made by Irva C. Lane and Alva J. Lane the consideration expressed is $100. Payments were made to them by Coilla G. Dougherty through checks on a Wichita bank, and were cashed at a bank in Wellington. All the deeds were filed in the office of the register of deeds of Sumner county on the day of execution. Three days later the Citizens State Bank of Belle Plaine commenced a suit against Irva C. Lane and Alva J. Lane and Sallie A. Lane, upon a note which they had executed for $3,494, and also to recover a further judgment against Alva J. Lane and Sallie A. Lane for $1,456 due upon a note executed by them, and for a judgment against Alva J. Lane in the sum of $285 upon a note which he had executed, and attachments were levied upon the land.

Another action was brought by the Valley State Bank about that time to recover judgment against them of $3,589.42. On September 10, 1923, petitions in bankruptcy were made and filed by Sallie A. Lane, Irva C. Lane and Alva J. Lane, and on the following day they were adjudged bankrupts. A meeting of the creditors held on September 27 resulted in the appointment of A. L. Barner as trustee of the estates of each of the three bankrupts. On October 8, 1923, the trustee obtained leave to bring action for the recovery of property omitted from the schedules, and leave was given. An action was begun against each of them by the trustee, and by agreement the three cases were consolidated in the district court for trial, and judgment having been given in favor of the plaintiff the cases are abstracted and briefed together for this court.

Error is assigned on overruling defendant's objection to the evidence based on the ground that the allegations of the petition were too general and could be regarded as no more than conclusions. It appears that the sufficiency of the petition was not challenged by motion or otherwise until the issues were closed and evidence was offered. Defendants answered the charges of fraud and lack of consideration with an allegation that the deeds were not executed for the purpose of cheating and defrauding creditors and were not made

for an insufficient consideration. In his petition plaintiff alleged that the interest held by the defendants in the land involved had been conveyed for the purpose of hindering, delaying and defrauding their creditors, that the conveyance was made to Coilla G. Dougherty, the daughter of Sallie A. Lane and the sister of the other defendants, and that she paid no consideration for them, and knew at the time that they were made with the intention of concealing the property from their creditors, and further, that they had sought and obtained adjudications in bankruptcy and a discharge as bankrupts. Plaintiff might have alleged more fully and definitely the facts as to the fraud of defendants in the transaction and as to the lack of consideration for the transfers, but, as we have seen, they did not challenge the petition for indefiniteness or other defects. Instead they closed the issues by denying plaintiff's charges as made. They were late in raising a question as to the indefiniteness or of defects in the allegations of the petition. The proper time to have raised the question was before answers were filed. The petition charged fraud in general terms, stating expressly the purpose for which the conveyances were made, and it has been held that where a cause of action is stated in general terms the defendants were in no position to question the sufficiency of the petition by demurrer to evidence. (*Elliott v. Hudson*, 84 Kan. 7, 113 Pac. 307.) In another case it was ruled that:

"Mere generality in the allegation of essential facts or mere conclusions of facts do not render a petition bad as against a demurrer." (*Gano v. Cunningham*, 88 Kan. 300, 128 Pac. 372. See, also, *McPherson v. Kingsbaker*, 22 Kan. 646.)

It has also been held that where the sufficiency of a petition is not raised by motion or demurrer nor until the stage of receiving evidence is reached, and then by an objection to the introduction of any evidence, the pleading must be liberally construed, and that any cause of action fairly indicated may be proved although neither fully nor formally expressed. (*Barker v. Moodie*, 92 Kan. 566, 141 Pac. 562. See, also, *Gooch v. Gooch*, 108 Kan. 416, 195 Pac. 874.) In *Insurance Co. v. Whitney*, 112 Kan. 145, 210 Pac. 646, the governing rule laid down in Pomeroy on Remedies and Remedial Rights, section 549, is stated and approved:

"The true doctrine to be gathered from all the cases is, that if the substantial facts which constitute a cause of action are stated in a complaint or

petition, or can be inferred by reasonable intendment from the matters which are set forth, although the allegations of these facts are imperfect, incomplete and defective, such insufficiency pertaining, however, to the form rather than to the substance, the proper mode of correction is not by demurrer, nor by excluding evidence at the trial, but by a motion before the trial to make the averments more definite and certain by amendment." (p. 146.)

We think the substantial facts alleged in the petition, general as they are, taken with the reasonable inferences to be derived from them are enough to overcome a mere objection to the admission of any evidence. Especially should they be so considered where no objection is made until after answer is filed and issues joined by defendants indicating that they understood the cause of action and were ready to try out the alleged charges of fraud. It is obvious from the record that defendants were not misled or prejudiced by any incompleteness in the petition and we are not warranted in reversing the judgment unless prejudicial error has been committed. This view renders immaterial an objection of the defendants to the allowance of an amendment of the petition based on the ground that as no cause of action was stated in the petition the amendment was made too late to avoid the statute of limitations. The averments of the petition are sufficient to overcome that objection.

There is a claim that the plaintiff trustee was not entitled to maintain the action to set aside the conveyances. It appears that he was duly appointed and was given authority to commence this action. As we have seen, it was alleged that there was fraud on the part of the grantors which was participated in by the grantee, and evidence was produced tending to sustain the averments. One ground urged against the right to maintain the action is that the petition did not contain a statement that there were not sufficient assets in the bankrupt estate to meet the obligations of the defendants. It was alleged that the defendants had procured themselves to be adjudicated bankrupts, that the plaintiff had been appointed to act as trustee at a meeting of the creditors, and had been directed by the referee in bankruptcy to bring this action to procure the cancellation of the conveyances so that the property might be applied to the payment of the debts of the defendants. While there was no express allegation that there were not sufficient assets to meet the liabilities, it was fairly inferable from what was stated that there was not. Moreover, there was an agreed statement of facts

which plainly showed that the debts far exceeded the assets of the bankrupt. The action of the referee who had charge of the schedules filed in the bankruptcy court in ordering the actions to set aside the conveyances carries the implication that there were insufficient assets to discharge the liabilities. This objection of the defendants cannot be sustained.

Other objections are urged as to the insufficiency of the evidence to show the value of the life estates and to justify the cancellation of the conveyances. We discover no ground for these complaints. There was evidence to support the charges of fraud and that the consideration for the conveyances was grossly inadequate. We see no error in overruling the demurrer filed by defendants to plaintiff's evidence.

It may be remarked that the defendants failed to file a motion for a new trial and are not in a position to challenge the sufficiency of the evidence to sustain the judgment, but if they had filed such a motion and it had been overruled we would not have been warranted in holding that the evidence was insufficient to uphold the judgment.

A contention is made that error was committed in limiting the extent of the homesteads allowed to Irva C. Lane and Alva J. Lane. The court excepted from its judgment of cancellation the north half of the north half of the northwest quarter of section 36, stating that the tract was the homestead of Irva C. Lane, and therefore did not adjudge a cancellation. As to Alva J. Lane, a like exception was made of another forty-acre tract in the same section. It is urged that additional adjoining lands should have been allotted with the tracts mentioned as the homesteads of these parties. It may be remarked that the homestead exemptions were not mentioned in the pleadings filed by defendants, nor is any evidence found in the record of a claim of exemptions. In offering evidence to rebut the charges of fraud, it was incidentally mentioned that defendant Irva C. Lane, a married man, lived on a part of the land involved, and which he had sold to his sister. A like condition of the record is found as to Alva J. Lane, who was awarded another forty-acre tract. They said nothing as to the kind of possession they held or the character or extent of their occupancy. There was nothing in the evidence as stated of a claim of exemption nor that there was such an occupancy as would entitle the defendants to claim a homestead right in the land. As the evidence stood, the plaintiff might have

complained that it was insufficient to warrant the court in excluding any of the land from the judgment of cancellation, but as he made no complaint and has not filed a cross appeal the judgment excluding the two tracts from the operation of the judgment must stand. The defendants having been given more than they were entitled to under the evidence have no ground for complaint.

No material error is found in the proceedings and therefore the judgment will be affirmed.