No. 30,257.

LENA TURNER, *Appellee* and *Cross-appellant,* v. JAMES KENT, MARK FEHRENBACK and A. HEDRICK, Trustees of I. O. O. F. Lodge No. 235, *Appellees* (A. W. KARBE and ELMO EDENS, *Appellants*).

(7 P. 2d 513.)

Opinion filed January 30, 1932.

*C. B. Skidmore* and *R. O. Mason,* both of Columbus, for the appellants.

*C. E. Rumery,* of Columbus, and *E. B. Morgan,* of Galena, for appellee Lena Turner; *Grant Waggoner,* of Baxter Springs, for appellees James Kent, Mark Fehrenback and A. Hedrick.

The opinion of the court was delivered by

HUTCHISON, J.: This is an action by· a customer of a grocery store and meat market to recover, from the owner of the building and the tenants maintaining the store, damages for an injury alleged to have been received by her by stepping into a hole in the concrete

floor in front of a table on which goods were displayed for sale. The trial court sustained a demurrer to the petition filed by the owner and overruled that of the tenants or storekeepers. Appeals were taken from both rulings, and the sufficiency of the petition as to the defendants in both these capacities is the main question here for review.

Most that is urged in the appeal of the tenants or storekeepers is concerning the error of the court in sustaining the demurrer of the owner and in so doing leaving the tenants alone responsible when the petition shows a joint liability, if any, and an obligation and duty of the owner in the first instance prior in time and responsibility to that, if any, of the tenants. This will not relieve the tenants from responding even alone to the claim of the plaintiff, for whether the wrongdoing of two or more defendants is concurrent or by separate and independent acts they are jointly and severally liable, although one of them may eventually be liable to the other to the full extent of his liability to the plaintiff.

"Where two or more parties, by their concurrent wrongdoing, cause injury to a third person, they are jointly and severally liable, and the injured party may at his option institute an action and recover against one or all of those contributing to the injury." (*Kansas City v. Slangstrom,* 53 Kan. 431, syl. ¶ 2, 36 Pac. 706.)

"If separate and independent acts of wrongdoers combine to produce a single injury, each is responsible for the result, although the wrong of one alone might not have produced the result." (*Gooch v. Gooch,* 108 Kan. 416, syl. ¶ 3, 195 Pac. 874. See, also, *Farmers Grain Co. v. Atchison, T. & S. F. Rly. Co.,* 120 Kan. 21, 245 Pac. 734.)

So the allegations of the petition seem to us to state facts sufficient to constitute a cause of action against the tenants, either alone or in conjunction with the owner of the building, and their demurrer to the petition was rightly overruled.

The trial court evidently sustained the demurrer of the owner on the strength of the decision in the case of *Bailey v. Kelly,* 93 Kan. 723, 145 Pac. 556, as involving substantially the same or a similar state of facts as in this case. There appears to us to be many points of distinction between the two cases, which come within those mentioned in the opinion in that case. In the first place, the defect here alleged was in the floor near the middle of the storeroom and in front of a table where goods were displayed for sale, and not in the rear of the kitchen as was the defective cover to the cistern where no one was expected to go except the tenant and his em-

ployees. In the second place, the injured party here was a cus-
tomer of the store, a part of the general public invited to this place
of business, whereas in the Bailey case the injured one was an em-
ployee of the tenant, who stood in the same relation to the owner
as did the tenant and no higher, as does a guest or any of the invited
public. (36 C. J. 229.) It was said in the Bailey case, *supra:*

"The fact that the front room of the building was open to such portion of
the public as desired to patronize the restaurant has no relevancy to the sub-
ject under consideration. The situation at the rear of the building was pre-
cisely the same as that of any private family employing servants to perform
various household functions. . . .

"The principle upon which the lessor of premises is held liable to third
persons for nuisances existing at the time the tenancy was created is this:
The landlord having possession and control of his land, or the right to possess
and control it, owes the public, who are suffering or must suffer from the
nuisance, the duty to abate it and must respond in damages for a breach of the
duty. The duty and the liability are not satisfied by the simple act of leasing
the premises, and continue until the nuisance is abated. . . .

"When the condition of property is such that it does not impair the public
safety the landlord owes no duty to the public or to any member of the public
to change the condition." (pp. 728, 730, 731.)

In the amended petition in the case at bar it is alleged, among
other things, that the I. O. O. F. lodge, No. 235, of Baxter Springs,
was the owner of the building leased to the defendants Karbe and
Edens, who maintained a grocery store and meat market therein;
that the owner of the building knew that the tenants contemplated
using it for a grocery store and meat market to which the public
generally would be invited as customers; that the hole in the concrete
floor of said storeroom into which the plaintiff stepped and injured
her ankle and limb was at that time about seven or eight inches in
diameter and about six or seven inches deep; that the defendant
owner, as well as the defendant tenants, all knew of its being there
a long time prior to the leasing of the building, and that it continued
to exist after the leasing until her injury with full knowledge of both
the owner and the tenants; and that the proximate cause of the
plaintiff's injury was the carelessness and negligence of the defend-
ants, owner and tenants, in allowing and permitting said hole to be
and remain in said floor, and their failure to keep the same prop-
erly covered, protected or guarded to prevent persons from falling
therein.

We think these allegations constitute a cause of action against
the owner as well as the tenants and cover such a different state of

facts from those stated in the Bailey case, with reference to the liability of the landlord or owner, as to make the ruling in that case not strictly applicable.

"The rule which makes a landlord liable for injuries sustained by an invitee of a tenant on account of a nuisance existing at the time of the letting has been particularly applied in those cases where the letting was for public or semipublic purposes, and according to the weight of authority, it is the duty of a landlord who leased premises of a nature, or intended to be used for such purposes, to see that they are fit for the purpose for which they are to be used, and that any building or erections thereon are of proper construction, and he will be liable for any injuries resulting to the general public from a condition existing at the time of the letting, or which would naturally result from their then condition. . . . A landlord who has leased premises upon which there is an existing nuisance is held to contemplate that the demised premises will be used for the purpose for which they were designed, and where such use will constitute a nuisance he is liable for injuries sustained by the public." (36 C. J. 225, 226.)

"It is the well-settled rule that the landlord is properly chargeable with liability to a stranger where the cause of injury to the latter is a nuisance existing on the premises at the time of the demise. No person can create or maintain a nuisance upon his premises and escape liability for the injury occasioned by it to third persons. Nor can a lessor so create a nuisance and then escape liability for the consequences by leasing the premises to a tenant." (16 R. C. L. 1076.)

"As a general rule, the occupant, and not the owner, is responsible for injuries arising from a failure to keep the premises in a proper state of repair. But when premises are let with a nuisance upon them, by means of which the injury complained of is received, the owner or landlord will be liable." (*Tomle v. Hampton,* 129 Ill. 379, syl. ¶ 3.)

"A landlord who leases private premises which are then or subsequently become dangerous from want of repair is not liable to the lessee or to a subtenant for an injury caused by such defective condition of the property, in the absence of fraud or concealment.

"But where the property rented is a wharf or hall, or premises where the public generally are to be invited, then, if they are unsafe when leased, the landlord is liable for injuries thereby occasioned to third parties." (*Smith v. Walsh,* 92 Md. 518, syl.)

"Where premises are leased for public or semipublic purposes, and at time of lease conditions exist which render premises unsafe for purpose intended, or constitute a nuisance, and landlord knows or by exercise of reasonable care ought to know of conditions, and a third person suffers injury on account thereof, landlord is liable, because third person is there at invitation of landlord, as well as of tenant." (*Fraser v. Kruger,* 298 Fed. 693, syl. ¶ 4. See, also, *Copley v. Balle,* 9 Kan. App. 465, 60 Pac. 656; *Burner v. Higman & Skinner Co.,* 127 Ia. 580; *Colorado Co. v. Giacomini,* 55 Colo. 540; 1 Tiffany on Landlord and Tenant, 680; and 1 Shearman & Redfield on Negligence, 6th ed., 307.)

It is urged by the owner, as well as the plaintiff, that counsel for the tenants has no interest in and should not be heard concerning the sustaining of the demurrer of the owner to the amended petition, but if so there can be no objection to his being heard on that subject as an *amicus curiæ*.

After the ruling upon the demurrers the plaintiff took ten days in which to file further amendment to her petition, but never filed it, and the owner after ninety days moved the court to render judgment in its favor, which was done. In the meantime the tenants filed an answer and cross petition, alleging many more details about the leasing of the building, the knowledge of the owner as to the hole in the floor, a promise to repair it, an attempt to do so and complete failure in that regard, and the liability of the owner to the tenants to protect them against the claim of the plaintiff. The owner of the building filed a motion to strike from the answer and cross petition of the tenants all allegations therein contained attempting to set up or state a cause of action or counterclaim against the I. O. O. F. lodge.

The trial court overruled this motion for the reason that when the plaintiff failed to file a further amendment to her petition against the owner within the ten days allowed for that purpose after the demurrer had been sustained, there were no issues joined between the plaintiff and the defendant owner, and the owner was out of court and therefore the tenants could not proceed by cross petition against the owner, but the allegations might be pertinent as to the plaintiff, from which ruling the tenants appeal, and the owner contends it is not an appealable order. We think there is no need of determining either of these contentions since we have reached the conclusion that the amended petition states a cause of action against the defendant owner. By such holding the defendant owner is still in court with all the usual obligations and privileges of a defendant in a civil proceeding.

The judgment of the trial court is affirmed as to the ruling upon the demurrer of the defendants, Karbe and Edens, and reversed as to the ruling upon the demurrer of the I. O. O. F. lodge, and the cause is remanded with instructions to overrule the last-named demurrer and set aside the judgment rendered in favor of the defendant owner.