EMMA TERRYBERRY *vs.* EDWARD D. WOODS.

October Term, 1896.

*Payment—Burden of Proof.*

The defendant, having pleaded payment and introduced a receipt purporting to be signed by the plaintiff, requested the court to charge that if the receipt was genuine it was *prima facie* evidence of payment and cast upon the plaintiff the burden of disproving it. *Held*, that the instruction was properly refused.

The burden of proving an allegation remains with the party making it. The weight of evidence may vary from side to side as the trial proceeds, but the burden of proof never shifts.

ASSUMPSIT in the common counts. Pleas, the general issue, payment and offset. Trial by jury at the June Term, 1896, Bennington County, *Start*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted.

The plaintiff sought to recover one thousand dollars and interest which she claimed the defendant had collected for her and failed to pay her on request. The verdict was for the full amount.

The defendant claimed that he had paid five hundred dollars on one occasion to the plaintiff herself and two hundred and fifty dollars on another occasion to the plaintiff's mother for the plaintiff, and introduced receipts for such payments purporting to be signed by the plaintiff and her mother respectively.

The plaintiff denied the payments and the giving of the receipts but did not deny the genuineness of the signatures.

The defendant requested the court to charge, First, "If the plaintiff signed the receipt for five hundred dollars, it is *prima facie* proof that she received the money from the defendant, and the burden of proof is on the plaintiff to show that the defendant did not pay the five hundred dollars as he claims," and, Second, "If the plaintiff's mother signed the receipt for two hundred and fifty dollars, the burden of proof is on the plaintiff to show that the defendant did not pay the money expressed therein to her."

The court declined to charge in accordance with either request, but told the jury that the burden was upon the defendant to prove the allegation of payment. No exception was taken to the charge as given.

*Batchelder & Bates* for the defendant.

The requests should have been complied with. A receipt is *prima facie* evidence of payment. While the burden of proving payment rested primarily on the defendant, the production of the receipt cast upon the plaintiff the burden of showing such facts as would destroy its effect. *Sparhawk* v. *Admr. of Buell*, 9 Vt. 41; *Burton* v. *Bln*, 23 Vt. 151;

*Stephens* v. *Thompson*, 28 Vt. 77; *Hutchins et al* v. *Olcutt*, 4 Vt. 549; *Lamb* v. *Fairbanks*, 48 Vt. 519; I Green. Ev. (13 ed.) 363; *Guyette* v. *Bolton*, 46 Vt. 228; *Hildreth* v. *O'Brien*, 10 Allen 104.

*F. S. Platt* for the plaintiff.

A receipt not under seal may be contradicted or explained. *Ashley* v. *Hendee*, 56 Vt. 213; *Bennett* v. *Flanagan*, 54 Vt. 549.

The weight of evidence may vary, but the burden of proof does not shift. *Nichols* v. *Munsel*, 115 Mass. 567; I Green. Ev. § 74 and note; *Central Bridge Corp.* v. *Butler*, 2 Gray 132; *Powers* v. *Russell*, 13 Pick. 76.

Even if the requests were sound in law they were not applicable to the case. The question here was not what effect should be given to a genuine receipt but whether the receipt was ever executed. The question of the genuineness of the receipt and of the fact of payment were really one and the same.

TAFT, J. The burden of proving a fact alleged in a judicial proceeding is upon the person making the allegation, and this burden of proof, as it is called, never changes, but remains upon the alleging party throughout the trial. As the testimony upon the trial is introduced, the weight of the evidence may vary from side to side, but the burden of proof remains upon the one making the allegation.

The defendant pleaded payment, and by so doing assumed the burden of proving it.

The defendant was not entitled to binding instructions upon a portion of the evidence, applicable to a single question. The request was properly denied. The instructions, as given, are not in question.

*Judgment affirmed.*