JOSEPH OWEN *vs*. WILLIAM C. BROWN.

WILLIAM C. BROWN *vs*. JOSEPH OWEN.

May Term, 1898.

Present: TAFT, ROWELL, TYLER, MUNSON, START and THOMPSON, JJ.

*Burden of Proof—Payment.*

If the defendant, in an action upon a note, waives the general issue, plead-
ing only payment and tender, thereby securing the right to open and
close, the burden is upon him to prove that his payment was made upon
the note in suit and not upon another note, as the plaintiff claims.

If the plaintiff claims that the payment was made upon another note,
which the defendant says was forged, the defendant is not entitled to an
instruction that the burden is upon the plaintiff to establish the validity
of such other note.

The burden of proof shifts only with the issue.

Assumpsit. Tried by jury, February Term, 1898, Orleans County, *Ross*, C. J., presiding. Verdict and judgment for the plaintiff for the full amount claimed. The defendant excepted.

Petition for new trial to the May Term, 1898. Petition dismissed. The case is stated in the opinion.

*Bates, May & Simonds* for the defendant and petitioner.

*F. W. Baldwin* and *John Young* for the plaintiff and petitionee.

Thompson, J. (1) The case of *Brown* v. *Owen* is a petition for a new trial and heard with *Owen* v. *Brown*. The last named case was an action of assumpsit to recover the amount of a promissory note for $200 dated Nov. 28, 1894, and payable to bearer, on demand, with interest annually. The defendant pleaded payment and tender. Not having pleaded the general issue, he claimed and was given the right to open and close. If three payments which he had made to the plaintiff were to be applied on this note, the tender was sufficient to liquidate the balance of the note and costs, to the date of the tender.

The evidence of the plaintiff tended to prove that these payments were made to apply and were applied on a note which he held against the defendant for $100, dated Dec. 18, 1894, and payable to the plaintiff, or bearer, on demand, with interest annually. The evidence of the defendant tended to prove that this note for $100 was a forgery and without consideration, and the evidence of the plaintiff tended to prove that it was a valid note, due and owing to him at the time of the payments in question. The defendant excepted to the refusal of the court below to instruct the jury that the plaintiff was bound to establish, by a fair balance of testimony, that this note for $100 was a valid note.

The defendant by his pleas, and availing himself of the right to open and close, took upon himself the burden of proving by a fair balance of proof that the payments were in fact made to apply on the note for $200, or under such

circumstances that the law applied them there. If he failed to do this, his tender must fail on the ground that it was insufficient. This burden rested upon the defendant throughout the trial. The claim and evidence of the plaintiff in respect to the note for $100 and the application of the payments thereon, clearly met the issue which the defendant was bound to establish by a fair balance of proof in order to prevail, but because it so met the case of the defendant, it did not shift the burden of proof resting upon the defendant. *Terryberry* v. *Woods*, 69 Vt. 94. If the evidence of the plaintiff in respect to the payments having been made on the note for $100, taken in connection with the defendant's evidence on that question, had left the matter so that there was no preponderance of evidence either way, the plaintiff would have been entitled to a verdict. There was no error in the refusal to charge as requested.

(2.) The evidence clearly tended to prove that if the note for $100 came into plaintiff's hands in the manner indicated by the defendant's evidence, and the plaintiff changed the date from 1864 to 1894, he committed the crime of forgery in so doing, and it was not error for the court below to so instruct the jury.

(3) The defendant excepted to the charge of the court as argumentative, and not presenting the defendant's claims as fully as those of the plaintiff. This exception is too general to avail the defendant, were argumentativeness in a charge a ground for exception, and were the charge open to the criticism embodied in this exception. A careful examination of the charge discloses that it is neither argumentative nor unfair.

*Judgment affirmed. Petition for a new trial dismissed with costs to the petitionee.*