S. M. KNOX v. L. B. PEARSON, *as Administrator, Etc.*

**No. 12,118.**   (68 Pac. 613.)

SYLLABUS BY THE COURT.   '

PARTNERSHIP — *Accounting — Fraud — Insufficient Averments.*
An account between partners was stated and the balance due
from one to the other agreed on.   In an action to impeach the
account and open the settlement for mistake and fraud, general
averments of mistake, error and deception are insufficient.   The
nature of the fraud must be set forth, together with the manner
of its commission, and the circumstances under which it was prac-
ticed.   The mistake must also be alleged with certainty, and the
particulars pleaded.

Error from Allen district court; L. STILLWELL,
judge.   Opinion filed April 5, 1902.   Reversed.

### STATEMENT.

THIS was an action brought by defendant in error
as administrator of the estate of Noah Pettit, de-
ceased, against S. M. Knox for an accounting.   Knox
and Pettit were partners in the farming and stock-
raising business.   Knox furnished 480 acres of land,
and Pettit contracted with him to cultivate it, fur-
nishing one-half of the stock and farming implements,
for the term of five years, and the parties were to
share equally the profits and losses of the business.
The agreement was made in writing November 10,
1890.   In February, 1896, the contract was extended
for a further term of five years.   The petition alleges :

"Noah Pettit died at his residence in Allen county,
Kansas, on or about the 8th day of February, 1898 ;
that up to that time there had been raised, fed, fat-
tened and sold crops, cattle and hogs to the amount
of about $20,000, as near as can be ascertained, in said
business ; that of said $20,000 so sold and disposed of
the defendants received the sum of $14,000 and said

Noah Pettit $6000, as near as can be ascertained ; that there is now on hands of the said company's property, stock and farming implements and feed to the value of about $7500, as near as can be ascertained ; that during the lifetime of said Noah Pettit he kept and performed all the covenants and agreements in relation to said business as by the said contract he had agreed ; and that in addition thereto did work for the defendants in a large amount at breaking prairie, building fences, and other work done and performed by him in the improvement of farm at the request and for the defendants to the value of $500 ; that during the lifetime of said Noah Pettit he was unable to make any settlement with the defendants ; that this plaintiff is unable to make any settlement with defendants.''

The second count of the answer of the defendant below avers that on the 21st day of February, 1896, Knox and Pettit made settlement of their partnership business, when it was mutually ascertained and determined that the former had advanced for and on account of said partnership business the sum of $8588.76 over and above the amount of money and property advanced by Pettit, and under said agreement the latter was indebted to Knox in the sum of $4294.38, together with $343.55 interest, on account of money and property advanced for use in the partnership business ; that it was mutually agreed that the partnership business should continue for the further period of five years from February 25, 1896, under the terms and stipulations of the original agreement.    The answer further avers :

''That afterward, on the 8th day of February, 1897, the said S. M. Knox and the said Noah Pettit made a settlement of their mutual accounts growing out of said partnership business, and it was mutually determined and agreed between the said parties thereto that the said Noah Pettit was indebted to the said S. M. Knox on account of property and money advanced

for said partnership business the sum of $4218.13, and afterwards, on the 21st day of December, 1897, and supplemented by a further settlement, January 21, 1898, the said S. M. Knox and the said Noah Pettit made settlement of their partnership transactions and dealings, when it was ascertained and mutually agreed that the said Noah Pettit was indebted to the said S. M. Knox, on account of said partnership, $4250.96, which amount is and was in excess of the interest of the said Noah Pettit or of the said plaintiff in said partnership property.''

There is attached to the answer an agreement of settlement in writing, dated February 21, 1896, signed by both parties, in which the indebtedness from Pettit to Knox is stated as alleged above.   In reply to this answer the plaintiff below interposed first a general denial, and for a second defense alleged as follows :

''For the further reply to the second paragraph of defendant's answer, plaintiff denies that there was ever a true, just or equitable accounting or settlement made between the plaintiff herein and the defendant, or between the deceased Noah Pettit and this defendant, but alleges that the purported settlement, a copy of which is set out in defendant's answer, is not a true, just or correct statement of the accounts between the parties thereto ; that said Noah Pettit was induced to and did sign said purported settlement through a mistake and misapprehension of the facts as to the true condition of the accounts ; that said Noah Pettit was deceived and misled as to the truth and correctness of said accounts ; that the entries made in the book of accounts from which said purported settlement was taken, were made under and by direction of the defendant Knox ; that the deceased Noah Pettit relied on the statement of defendant Knox that the same was true and correct, when in fact said book of original entries fails to show the true condition of said account, and were not true or correct.''

The cause was sent to a referee for trial. The defendant below, when the first witness was sworn in the cause, objected to the introduction of any evidence under the petition for the reason that the same did not state a cause of action, and for the further reason that the answer filed by Knox set up settlements between the deceased and the surviving partner which had not been sufficiently answered; that the reply set forth no facts sufficient to entitle the plaintiffs to introduce evidence for the purpose of annulling or overcoming said settlements. This objection was overruled and the cause proceeded to trial. The report of the referee was confirmed by the district court and it was adjudged that the several settlements made between the parties be set aside and annulled, and that the defendant below, Knox, recover of Pearson, administrator of the estate of Noah Pettit, the sum of $3342.67, as found and reported by the referee.

The defendant below, Knox, has prosecuted error to this court to reverse the judgment.

*W. A. Choquill* and *J. B. F. Cates*, for plaintiff in error.

*Ewing & Savage*, and *Oscar Foust*, for defendant in error.

The opinion of the court was delivered by

SMITH, J.: The answer filed by defendant below pleaded an account stated. A balance was struck and the amount due Knox agreed on between the parties. Such settlement was conclusive in the absence of fraud, mistake or error, and the burden to impeach it by clear and convincing testimony rested on the plaintiff below. ( 1 Cyc. 454.)

The reply of the defendant below confessed the

settlement pleaded in the answer and sought to avoid its binding force by averring that it was not just and correct, and that it was accomplished by fraud and misrepresentation on the part of Knox. Such allega- tions are couched in the most general language. There is no attempt to specify the particular acts of fraud, or to point out wherein the books on which the settlement was founded were incorrect. The plaintiff below having in his reply pleaded in confession and avoidance, the burden of the proof was on him to sustain its averments. (*Meeh v. Railway Co.*, 61 Kan. 630, 60 Pac. 319.)

The pleadings may be considered in their legal ef- fect as if the allegations of the reply had been incor- porated into the petition. If this had been done would such a petition have stated a cause of action ? We think not. To impeach a settlement solemnly made in writing, something must be alleged by way of attack on it more than mere epithetical statements and conclusions. If fraud is relied on, the nature of the fraud must be set forth, together with the circum- stances under which it was practiced. If mistake or error be charged, the opposite party must be advised how the error entered into the settlement, its extent, and the particulars set forth with certainty. Here no details are given. The reply abounds with generali- ties. We are not informed how Pettit was misled into the settlement nor the nature of the deceit practiced on him.

The rule of pleading in such cases, which is borne out by all the authorities, is well stated in the Ency- clopedia of Pleading and Practice, volume 14, page 42, as follows :

"A pleading which seeks the correction of a mistake should allege such mistake distinctly and particularly.

The reason for this rule is manifest. The equitable jurisdiction for the correction of mistakes is exercised only in order that the real intention of the parties may be carried out; and if the particulars wherein there has been a failure to express correctly the intention of the parties are not pointed out, the court will have nothing to guide it in making the correction. The fact that the expression ' by mistake ' is interspersed through the pleading will not be sufficient to invoke the aid of equity, where the particular circumstances constituting the mistake are not alleged. See, also, *Marmon v. Waller*, 53 Mo. App. 610 ; *Moody v. Thwing*, 46 Minn. 511, 49 N. W. 229.

In *The State ex rel. v. Williams*, 39 Kan. 517, 18 Pac. 727, it was held that a general averment of fraud, without stating the facts on which the charge is based, presents no issue, and no proof is admissible thereunder. To this same effect see *K. P. & W. Rld. Co. v. Quinn*, 45 Kan. 477, 25 Pac. 1068.

We are clear that the petition and reply taken together did not contain facts sufficient to constitute a cause of action. The judgment of the court below will be reversed with directions to proceed further in accordance with this opinion.

Doster, C. J., Greene, Ellis, JJ., concurring.