THOMAS COTTOM v. THE NATIONAL FIRE INSURANCE
COMPANY.

No. 12,719. (70 Pac. 357.)

SYLLABUS BY THE COURT.

1. INSURANCE—*Forfeiture by Change of Title.* A forfeiture of an insurance policy occasioned by a change of title of the insured property, violative of the terms of the policy, is not waived by the payment of a portion of the insurance money to a mortgagee, where it is not shown that such payment was made with knowledge of the existence of the facts constituting the forfeiture.

2. —— *Burden of Proof.* The burden of proving the matters constituting an avoidance, as contained in the reply of the plaintiff, rests upon plaintiff, and when he fails so to do a demurrer to his evidence is properly sustained. The case of *Meeh v. Railway Co.*, 61 Kan. 630, 60 Pac. 319, cited and followed.

Error from Johnson district court; JOHN T. BURRIS, judge. Opinion filed October 11, 1902. Affirmed.

*John T. Little*, for plaintiff in error.

*M. A. Gorrill*, and *Parker & Hamilton*, for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J.: Plaintiff·in error held a fire insurance policy for $400 issued by the defendant company. This policy was payable, in case of loss, to a mortgagee, as his interest might appear. The property was destroyed by fire, and the insurance company settled with the mortgagee, the amount paid being less than the amount of insurance. This action was brought by the owner of the property to recover the balance due under the policy.

The petition, besides alleging the issuance of the policy and the loss·of the property, set up the payment of a portion of the insurance money to the mortgagee, and asked judgment for the balance. The insurance company answered with a general denial, and also pleaded a forfeiture of the policy because of a violation of the provision that in case "the interest of the insured be or become other than the entire unconditional and sole ownership of the property," such insurance shall be void and cease, in this, that the insured had, by deed executed and delivered, transferred the property, setting out a copy of the deed. For the purpose of avoiding this forfeiture, plaintiff replied that the deed set out was executed to his sister without her knowledge, consent, or procurement; that a "practical joker" reported to him that a certain young lady was about to bring an action against him for damages arising from a breach of promise to marry; that some six weeks thereafter, and after the execution of the deed, and before the occurrence of the fire, he learned that this report was entirely without foundation, when he informed his

sister of the conveyance which he had made to her and procured her to reconvey the property to him; that he had been in continuous possession of the property.   Neither petition nor reply made any claim that the company had knowledge of this conveyance when it made payment to the mortgagee, and hence no waiver of the forfeiture created by such conveyance would follow such payment.   Upon the trial, plaintiff introduced evidence sustaining the allegations of his petition, but introduced none to sustain the allegations of his reply.   Defendant's demurrer to the evidence was sustained by the court below.

This was not error.   The allegations of defendant's answer, if true, were sufficient to create a forfeiture under the terms of the policy.   Payment by the company of a portion of the policy to the mortgagee, while sufficient to waive the making of proof of loss, would not waive a forfeiture created by an alienation without notice to the company of such alienation. But admitting that the facts pleaded by the plaintiff is his reply were sufficient to avoid this forfeiture, the burden was upon him to prove them, and in default of this he could not recover.   Plaintiff's reply contained no denial of defendant's answer; it was simply a pleading of facts in avoidance thereof.   This court held, in *Meeh v. Railway Co.*, 61 Kan. 630, 60 Pac. 319:

"An allegation in an answer is to be taken as true when the plaintiff, in reply, pleads in confession and avoidance, and in such case the burden of proof rests on the plaintiff, in establishing his cause of action, to prove the matters so pleaded in the reply."

This the plaintiff having failed to do, he failed in his proof, and the demurrer was properly sustained.

The judgment of the court below will be affirmed.

All the Justices concurring.