Bridge Co. v. Wayland.

No. 22,825.

ILLINOIS STEEL BRIDGE COMPANY, *Appellant*, v. W. C. WAYLAND, *Appellee*.

### SYLLABUS BY THE COURT.

ACTION ON ACCOUNT—*Plea of Payment and Receipt in Full—Counterplea of Mistake in Giving Receipt—Burden of Proof.* Where a plaintiff pleads an indebtedness and the defendant alleges payment of it and sets out a receipt in full given by plaintiff and a letter acknowledging full payment of the indebtedness, and the plaintiff in turn replies that the receipt was given and the letter written through a mistake, and that payment had not in fact been made, the burden of proof rests upon the defendant and this burden is not shifted or affected by the affirmative allegations of plaintiff that a mistake had been made in giving the receipt and in writing the letter acknowledging payment.

Appeal from Washington district court; JOHN C. HOGIN, judge. Opinion filed October 9, 1920. Reversed.

*Charles Smith, J. R. Hyland,* both of Washington, and *Charles L. Hunt,* of Concordia, for the appellant.

*Edgar Bennett,* and *Frank H. McFarland,* both of Washington, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action by the Illinois Steel Bridge company against W. C. Wayland to recover $410.00, a balance alleged to be due on the sale of four bridges. A verdict for the amount claimed was returned by the jury, but upon the motion of the defendant the court granted a new trial, and of this ruling complaint is made.

In its petition plaintiff alleged that the defendant had purchased four bridges, two of them being of a 50-foot span at $811.00 each, and two of 30-foot span at $411.00 each; that defendant had paid for all of them except one of the 30-foot bridges for which he still owed $410.00. In his answer the defendant admitted the purchase of the four bridges at the prices named and alleged that he had fully paid for them. He pleaded that he was unable to give the date of each payment made, but that in July, 1917, he received a letter from plaintiff demand-

ing $416.01 which it claimed was the balance due upon the bridges; that he immediately sent his check for that amount on which was written "paid in full for bridge steel, for Washington county, Kansas," which check the plaintiff cashed, and in a letter acknowledged the receipt of the check, and that it was payment in full of the balance due on the account. Plaintiff in its reply admitted the cashing of the check and the delivery of the receipt in full, but alleged that it occurred through a mistake, in that plaintiff had the impression that one of the smaller bridges was to be paid for by Washington county, and therefore it had entered a charge of $410.00 against that county, that the other three bridges, together with some rivets purchased by defendant, were charged to defendant, and that the $416.01 was the balance of the charges made against defendant as the account was kept, but that it afterwards learned that the county was not under obligation to pay for the fourth bridge. That item, it is alleged, should have been charged to the defendant, which he had never paid, and the receipt in full was given through this mistake.

On the motion for a new trial it was contended by the defendant that the court erroneously placed the burden of proof upon him as to payment of the balance claimed, and especially as to the matter pleaded relating to the mistake made in the giving of the receipt. The new trial was granted, as the court stated, upon the ground, "that the instructions placing the burden of proof upon the defendant to prove the allegation of payment, are wrong." The defendant insists that the reply setting out the receipt acknowledging payment in full and explaining that it was made through a mistake was matter in avoidance and that the burden of sustaining that allegation rested upon the plaintiff. He cites *Meeh v. Railway Co.* 61 Kan. 630, 60 Pac. 319; *Knox v. Pearson,* 64 Kan. 711, 68 Pac. 613; *Cottom v. Insurance Co.,* 65 Kan. 511, 70 Pac. 357; 30 Cyc. 1226.

The view of the court is that no error was committed in imposing the burden of proof of payment on the defendant. It was admitted that he purchased and received the four bridges at the prices named and was responsible for the price of all of them. He alleged that full payment of the price had been made, and it is conceded that the burden of proving payment

is ordinarily upon the one who alleges it. It is held by the court that the matter of the receipt was only an incident of the payment which the defendant was required to establish by his evidence. Payment was an affirmative fact and the main issue in the case, and proof of it was vital to the only defense advanced by the defendant. The receipt and letter of acknowledgment were only items of evidence tending to show the leading fact of payment, and the burden of establishing the defense did not shift from one side to the other as the trial progressed but rested upon the defendant throughout the trial. (*Mitchell v. Mitchell,* 18 Weekly Notes of Cases [Pa.], 439; *Shrader v. U. S. Glass Co.,* 179 Pa. St. 623; *Terryberry v. Woods,* 69 Vt. 94.) The mistake in the giving of a receipt is not to be treated as matter of avoidance which changes the burden of proof. The production of the receipt may have shifted the weight of the evidence, but it did not shift the burden of proof of payment. In *Terryberry v. Woods,* supra, the defendant alleged payment of a claim and introduced a receipt as evidence of payment. He asked the court to charge the jury that the receipt was *prima facie* proof of payment and that the burden was upon the plaintiff to show that she had not received the amount mentioned in the receipt. This request was refused and the supreme court of Vermont approved the ruling, saying:

"The burden of proving an allegation remains with the party making it. The weight of evidence may vary from side to side as the trial proceeds, but the burden of proof never shifts." (Syl.)

In instructing the jury the court did not overlook the evidential effect of a receipt. The jury were told that:

"A check marked 'payment in full' followed by a letter acknowledging the receipt of the check as payment in full is *prima facie* evidence of payment in full, yet it is not conclusive and is always open to explanation."

The court further instructing on the same subject said:

"If you find from the evidence, by a preponderance thereof, that the acknowledgment of payment in full in this case was erroneous and made by mistake, you are not concluded by the fact that payment in full was acknowledged, but may find for the plaintiff if you find that said acknowledgment of payment was erroneous, and that the defendant is still indebted to the plaintiff. But on the contrary, if you find from the evidence by a preponderance thereof, that the payment in question was payment

Bridge Co. v. Wayland.

in full and that said acknowledgment of payment was not made er-roneously, then your verdict should be for the defendant."

By these instructions the jury were advised as to the effect of the receipt which the defendant had offered in an effort to prove payment. The issue of whether payment had in fact been made was to be determined not upon the evidence of the receipt alone, but upon all the evidence of both parties, and it is the view of the court that upon the issue of payment the burden still rested upon the defendant, and that no error was committed in giving the instruction that:

"The defendant having pleaded payment, the burden of proof is upon him to prove the alleged payment by a preponderance of the evidence."

It is concluded that the court erred in granting a new trial on the ground assigned, and therefore the order is reversed with directions to enter judgment for plaintiff upon the verdict of the jury.

JOHNSTON, C. J. (dissenting) : In my view there was sufficient ground for granting a new trial. No one questions the contention that ordinarily the burden of proving payment is upon the party pleading it, but as the pleadings were formed and the issues joined, the instruction did not fairly present the case to the jury. The plaintiff pleaded the indebtedness, the defendant admitted that the debt had existed but alleged that it had been paid, setting forth a receipt in full by plaintiff, and its letter stating that payment in full had been made. The plaintiff replied, admitted the giving of the receipt and the writing of the letter acknowledging payment, but pleaded that they were given by mistake. The receipt and acknowledgment of payment in full admitted to have been given raised the presumption of payment and without more the jury would have been instructed to find for the defendant. To meet this situation it was essential for plaintiff to avoid the effect of the receipt and plead nonpayment. It did allege that while a receipt in full was given, the debt was in fact not paid. Having made an affirmative allegation as matter of avoidance, the burden to prove it as has been decided was upon the plaintiff. (*Meeh v. Railway Co.,* supra; *Knox v. Pearson,* supra; *Cottom v. Insurance Co.,* supra.) If it had been averred in the reply that the receipt and acknowledgment given by plaintiff had been ob-

tained by fraud or duress, the burden of proving the averments
would have been upon plaintiff, and the same must be true as
to an allegation of mistake. It has been said that:

> "Where an allegation of non-payment is essential to the stating of
> plaintiff's cause of action, a general denial by defendant places the
> burden of proof on plaintiff. . . . If there is a presumption of pay-.
> ment, either from lapse of time, or from the possession of the evidence of
> indebtedness by the debtor, the burden of showing non-payment is on the
> creditor. So where a transaction, on its face, constitutes a payment, the
> burden of proving the contrary is on the creditor. . . . The burden is
> upon the creditor to prove new matter in the reply or an amended com-
> plaint in avoidance of the defense of payment." (30 Cyc. 1264, 1265.)

As we have seen the reply of plaintiff set forth new matter in
avoidance of a written acknowledgment by plaintiff of pay-
ment in full, and under the code such an averment in a reply is
deemed to be controverted by the defendant as on direct denial.
The burden of maintaining the issue on the new matter rested
on the plaintiff and the trial court should have so instructed
the jury. It was a material issue. The evidence to overcome
the presumption of payment was not strong and as the case
stood, the burden of proving the averments of the reply, if
placed upon the plaintiff, might have led to a different result.
While the court instructed the jury as to the effect of a re-
ceipt in full, it failed to cast the burden of overcoming the re-
ceipt upon the plaintiff, and left the jury to infer that the bur-
den of proof rested upon the defendant, upon this branch of the
case. It has been decided that a receipt in full given upon a
settlement "is a full and perfect defence, *prima facie,* and
casts upon the plaintiff the burden of explaining it, or in some
way destroying its effect by his proof." (*Guyette v. Bolton,* 46
Vt. 228, 234.)

MARSHALL, J., joins in this dissent.