**BAKER v. PIERCE et al.**    (No. 517–3965.)

(Commission of Appeals of Texas, Section A. March 26, 1924.)

**Payment** ⚖=65(8) — **Burden on plaintiff to prove release made through mutual mistake.**

Release of a note sued on being prima facie proof of payment, the burden was on plaintiff to introduce proof of his plea that the release was made through mutual mistake.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Suit by W. B. Pierce and others against G. W. Baker, Jr. Judgment for plaintiff affirmed by Court of Civil Appeals (248 S. W. 439), and defendant brings error. Reversed and remanded.

Wheeler & Leslie and Thos. P. Steger, all of Bonham, for plaintiff in error.

Cunningham, McMahon & Lipscomb, of Bonham, for defendants in error.

CHAPMAN, J. Defendants in error, W. B. Pierce et al., brought this suit in the district

court against plaintiff in error, G. W. Baker, on a vendor's lien note in the principal sum of $1,000, alleged to have been executed by one W. H. Gilley in favor of R. N. Pierce. Plaintiffs in the district court, W. B. Pierce et al., alleged that they were the owners of the note at the time suit was brought. Defendant in the district court, G. W. Baker, pleaded payment of the note and also pleaded the execution of a release of said note to him by the payee, R. N. Pierce, to which plaintiff pleaded in answer that the release of said note was a mutual mistake, and that it was intended by the parties to release other and different notes. The plaintiffs introduced the deed showing that the note sued on was given as a part of the purchase price for certain land, and also a correction deed, and the note, and rested their case. Defendant then proved the execution by R. N. Pierce of a release of the note in question, and then introduced the release and rested his case. Then followed considerable testimony by both parties as to whether or not the release was executed by a mistake, and as to whether or not the note had been paid.

The trial court submitted the case to the jury upon one special issue, as follows:

"Do you find from the evidence that the note sued on in this case has been paid by G. W. Baker, Jr.? Answer yes or no,"

—and upon request of plaintiff gave the following special charge:

"In answering question No. 1, you are instructed that the burden of proof is on the defendant, and, unless you believe that the defendant has produced a preponderance of the evidence on the issue submitted in question No. 1, you will answer such question in the negative."

The jury answered the special issue in favor of plaintiffs, and judgment was rendered in plaintiffs' favor. The Court of Civil Appeals at Texarkana affirmed the case (248 S. W. 439), and the question now before this court is as to whether or not the trial court erred in giving plaintiffs' special charge No. 1.

"The burden is upon the creditor to prove new matter in the reply or an amended complaint in avoidance of the defense of payment." 34 Cyc. 1265.

"However, as to new matter in avoidance of the defense of payment the burden is on plaintiff." 8 C. J. 1012.

The Supreme Court of Illinois, in Winchester v. Grosvenor, 44 Ill. 425, say:

"That a receipt may be explained by parol is conceded, but the proof by which it is done must be clear and unmistakable. A written receipt is evidence of the highest and most satisfactory character, and to do away with its force the testimony should be convincing, and not resting in mere impressions, and the burden of proof rests on the party attempting the explanation."

And from the same court, in Ennis v. Pullman Palace Car Co., 165 Ill. 161, 46 N. E. 439:

"But let it be supposed, in the second place, that the vouchers are, as is claimed by appellant, mere receipts, which can be explained or contradicted by parol evidence. It is true that a written receipt may be explained by parol, but it is prima facie evidence of the facts recited in it; and the evidence furnished by it being of the highest and most satisfactory character, its force can only be impaired by testimony which is convincing. The proof offered to explain it must be clear and unmistakable. It must be overcome, if overcome at all, by a clear preponderance of the evidence."

In Decker et al. v. Laws, 74 Ark. 286, 85 S. W. 425, the court instructed the jury as follows:

"You are instructed that, where the parties give a receipt or check bearing upon its face that the sum mentioned is 'in full' payment of the account between the parties, the burden is upon such party signing such receipt or check to show that it was not intended as a full payment."

And the Supreme Court of Arkansas held the charge to be correct.

In French v. Stubblefield et al. (Tenn. Ch. App.) 56 S. W. 32, it is said:

"If the decision of the case depended upon the burden of proof, we find, in the first place, that the burden is upon the defendant to show by preponderance of evidence the payment. Conceding the statements of the two parties to be of equal weight, then this burden was removed and placed upon the complainant by the indorsements made on the note by the complainant, Jesse French, and by his letter written November 2, 1896. The defendant avers that the payment was made. He must show it by preponderance of evidence. He has his own oath and the written statement and indorsements of Mr. French. Mr. French then says, 'But my statement and the indorsements were made under mistake.' The burden is then placed upon him to prove that this was true."

And we find the same holding, by the Supreme Court of Oklahoma, in Columbian National Life Ins. Co. v. Wirthle, 176 Pac. 406, and Kuykendall v. Lambert et al., 68 Okl. 258, 173 Pac. 657.

The case of Illinois Steel Bridge Co. v. Wayland, 107 Kan. 532, 192 Pac. 752, cited by the Court of Civil Appeals in the first opinion in this case (238 S. W. 699) holds different to the above authorities, but is by a divided court, and a dissenting opinion by a minority of the court holds with the authorities cited above.

When the plaintiffs and defendant had rested in chief, if no other evidence had been offered, the defendant would have been entitled to an instructed verdict in his favor, the release of the note being prima facie proof of its payment; it then became necessary for the plaintiffs to introduce proof of his plea that the release was made through

mutual mistake, and, the case having reached that stage where it became necessary for the plaintiffs to introduce proof explaining defendant's prima facie proof of payment, we think that the burden of proof was not then upon defendant to show payment, and that plaintiffs' special charge No. 1 should not have been given.

We therefore recommend that the judgment of both the Court of Civil Appeals and the district court be reversed and the cause remanded for a new trial.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.