## MARTIN v. FARMERS' NAT. BANK OF HILLSBORO. (No. 504.)

Court of Civil Appeals of Texas. Waco.
March 31, 1927.

Rehearing Denied May 5, 1927.

1. Payment ⬤➡65(6) — Defendant pleading payment has burden of proof, which does not shift by denial of payment.

Defendant pleading payment as a defense has burden of proof, which does not shift by denial of payment.

2. Release ⬤➡55—Burden held on holder of note to prove release was executed through mistake.

Note sued on by bank was prima facie evidence of bank's right to recover thereon, which was completely rebutted by release signed by bank's president, reciting that note had been fully paid and releasing vendor's lien securing it, and burden was on bank to prove that release was executed through mistake, as alleged by it, and maker was not required to prove that release was not executed by mistake.

3. Pleading ⬤➡428(2)—Without demurrer or special exception, plea of payment held sufficient against objection to evidence.

In absence of demurrer or special exception challenging plea of payment of note and release of vendor's lien, plea was sufficient and objection to introduction of release in evidence on ground of insufficiency of plea of payment did not raise question.

### On Motion for Rehearing.

4. Payment ⬤➡61—Statute providing that payment must be specially pleaded does not create exception to rule requiring sufficiency of pleading to be tested by demurrer or exception (Rev. St. 1925, art. 2014).

Rev. St. 1925, art. 2014, providing that payment must be specially pleaded and stating requisites of such plea, was not intended to create an exception to general rule that sufficiency of plea must be tested by demurrer or exception, and not by objection to evidence when offered.

5. Appeal and error ⬤➡1026—It is policy of law that cases be tried on merits, and not on defects in pleading or violation of rules of evidence.

It is the policy of the law that cases should be tried on their merits, and not on defects

---

in pleading or on violation of rules governing introduction of evidence, especially when trial court's ruling has led either party to believe that such error does not exist.

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Action by the Farmers' National Bank of Hillsboro against C. D. Martin and another. Judgment for plaintiff, and named defendant appeals. Reversed and remanded for new trial.

Frazier & Averitte, of Hillsboro, for appellant.

Wear & Wear, of Hillsboro, for appellee.

STANFORD, J. Suit by appellee against appellant and G. W. Carlton to recover against appellant C. D. Martin, as maker, and G. W. Carlton, as indorser, the amount due on one note for $500 of date March 30, 1920, and due January 1, 1925, said note having been given by appellant to G. W. Carlton and by said Carlton sold and indorsed to appellee. Said note was, in fact, one of a series of 10 vendor's lien notes given to Carlton by appellant for a part of the purchase money for a tract of land, but appellee made no effort to so show or to foreclose the vendor's lien. The defendant Carlton filed no answer. Appellant Martin filed a general demurrer, a general denial, and a plea of payment and release of the vendor's lien by appellee. In reply to said plea of payment and release of the vendor's lien, appellee filed its first supplemental petition, in which it demurred to appellant's answer and denied the allegations therein contained, and pleaded specially the circumstances under which said release was obtained by appellant by reason of a mistake on the part of appellee, and denied that said note had, in fact, been paid. On the trial of the case before a jury, appellee introduced in evidence its vendor's lien note sued upon, and rested. Appellant introduced in evidence its release, and rested. Each side filed a motion for an instructed verdict. The court overruled appellant's said motion and granted appellee's, and, on the verdict so instructed, entered judgment for appellee, plaintiff below, for the amount of said note, including principal, interest, and attorney's fees, against appellant, as maker, and G. W. Carlton as indorser. Carlton has not appealed. Appellant Martin alone has appealed.

[1] Under his first proposition, appellant contends that, as appellee pleaded that it had given a release for the note in question, but that said release had been given by mistake and that said note had not, in fact, been paid, as shown by said release, the burden of proof was upon appellee to prove said facts, and the court erred in instructing a verdict against appellant without requiring appellee to discharge such burden. It is a general rule of law that the defendant who

294 S.W.—16

pleads payment has the burden of proving such payment. This rule of law is in harmony with the further rule that the burden of proof is upon the party asserting the affirmative of an issue. If he alleges a fact that is denied, he must establish it. He is the actor, and as such remains so throughout the case as to the allegations, which he makes, or, rather, must make. Having alleged the truth of a matter in issue, he must prove it. The party denying his allegations cannot have this burden at any time during the trial, for it would be absurd to say that both the plaintiff and defendant have the same burden on the same issue. Hence, the common phrase that the burden of proof never shifts, though the burden of going forward with the evidence may shift at various times during the trial from one side to the other as the evidence is introduced by the respective parties. 22 C. J. 69.

[2] When the appellee in this case introduced in evidence the note sued upon, it made out a prima facie right of recovery for the amount of said note, and when appellant introduced his release, duly signed and acknowledged by the president of appellee bank, reciting said note to be fully paid and releasing the vendor's lien securing same, appellant had completely rebutted the prima facie case made by appellee by introducing its note. It was not the duty of appellant to proceed with evidence to prove that said release was not executed by mistake—a negative. Appellee had alleged it was so executed. It was necessary for it to so allege and prove in order to avoid said release, and, having so alleged, the burden was upon it to sustain the affirmative of said issue by evidence. This issue as to whether said release was executed and delivered by mistake having been made by the pleadings of the parties, appellee affirming said fact and appellant denying same, it was incumbent upon appellee to proceed with its evidence to show said release was executed by mistake, as alleged, and upon appellant to produce evidence to rebut appellee's evidence of mistake. In other words, by the introduction of the release appellant sustained the burden of proving payment, unless appellee by pleading and evidence could avoid the effect of said release. Appellee's special plea was in the nature of a plea in confession and avoidance; it admitted the execution of the release, but sought to avoid the effect of same by pleading facts to show it was executed by mistake, and, of course, on this issue the appellee had the laboring oar. Baker v. Pierce et al. (Tex. Com. App.) 259 S. W. 921, and cases there cited. For an elaborate and instructive discussion of the burden of proof bearing upon the question here discussed, see Bank v. Ford, 30 Wyo. 110, 216 P. 691, 31 A. L. R. 1441. In the first case above cited the Commission of Appeals, in an opinion approved by the Supreme Court, decided the very question here involved in

favor of appellant's contention. We sustain this assignment. The trial court was in error in directing a verdict for appellee, for which error the case will be reversed.

[3] Appellee contends that appellant's plea of payment was insufficient. There was no demurrer or special exception interposed to said plea called to the attention of the trial court. The only way in which the sufficiency of said plea was challenged was by objection to the introduction of the release in evidence on the ground of the insufficiency of the plea of payment. In the absence of special exception challenging the sufficiency of said plea, acted upon by the trial court, we think said plea was sufficient.

The other questions involved will not likely arise upon another trial. Appellant contends we should reverse and render, but, as it is evident from the record the case was not fully developed in the trial court, we think the ends of justice require that the cause be remanded for another trial.

Reversed and remanded.

### On Motion for Rehearing.

As stated in our original opinion, on the trial appellee introduced in evidence the vendor's lien note sued upon, and rested. Appellant introduced in evidence a release in due form, properly signed and acknowledged by the proper officers of appellee bank, acknowledging payment of said note in full and releasing the vendor's lien securing same, and rested. Both sides asked for an instructed verdict. The court granted appellee's request and refused that of appellant. Appellant's appeal was based principally on the contention that if said release was executed by appellee by mistake, as it had fully set out in its pleading, it was the duty of appellee, after appellant had rested, to go forward with its evidence and so prove. Appellee in its brief did not admit nor deny the correctness of this contention, but submitted counterpropositions to the effect that appellant's plea of payment was not sufficient to authorize evidence in support of same, and so the court erred in admitting said release in evidence. Both sides have filed motion for rehearing, appellee contending that we misconceived the real issue in the case, to wit, the sufficiency of the plea of payment to authorize evidence in support of same, and the action of the court in admitting the release; appellant contending that, having reversed the case, we should have rendered judgment in his favor. Appellee presented one cross-assignment of error, contending the court erred in overruling its objection to the introduction of

the release in evidence because same was irrelevant and immaterial, in that there was no sufficient plea of payment of said note to authorize the admission of any evidence thereon. There was no demurrer or exception presented by appellee to the trial court questioning the sufficiency of said plea of payment.

[4] Article 2014 of our Revised Statutes, providing that payment must be specially pleaded and stating the requisites of such plea, we do not think was intended to create an exception to the general rule that the sufficiency of a pleading should be tested by demurrer or exception, and not by an objection to the evidence when offered. May v. Taylor, 22 Tex. 348; Weinstein v. National Bank, 69 Tex. 40, 6 S. W. 173, 5 Am. St. Rep. 23; Western Union Tel. Co. v. Jeanes, 88 Tex. 230, 31 S. W. 187. If an exception to the sufficiency of said plea had been presented and sustained, or if appellee's objection to the admission of said release had been sustained upon the ground said plea of payment was insufficient, appellant would have had the right to and doubtless would have amended said plea. Appellee, having failed to challenge the sufficiency of said plea by an exception, and the court having overruled its objection to the admission of the release on the ground of the insufficiency of said plea, thereby holding said plea sufficient, and admitting said release, could not afford, and neither could this court afford, to refuse to consider said release upon the ground of the insufficiency of the plea of payment, and proceed to render judgment, ignoring said release. So if the trial court was in error in admitting said release as contended by appellee, which we do not hold, said error could not result in the affirmance of the judgment.

[5] It is the policy and intent of the law that cases should be tried upon their merits and not upon defects in pleading or a violation of the rules governing the introduction of evidence, especially when the ruling of the trial court has led either party to believe that such error does not exist. Saner-Whiteman Lumber Co. v. Texas & N. O. Ry. Co. (Tex. Com. App.) 288 S. W. 127, and cases there cited. In our original opinion we discussed the contentions raised by appellant, because the overruling of same would have resulted in the affirmance of the judgment of the trial court. We did not discuss appellee's cross-assignment and propositions submitted thereunder, because the sustaining of same could not have resulted in the affirmance of the judgment.

We overrule the motion for rehearing of both appellant and appellee.